FILED
April 13, 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

Robertson, Reginald, plaintiff.　　　　　　5:20-cv-02523-NC

vs.　　　　　　　　　　　　　　　COMPLAINT UNDER THE
　　　　　　　　　　　　　　　　　CIVIL RIGHTS ACT,
ACSO-Technician, John Doe #1,　　42 U.S.C., Sect. 1983
ACSO-Deputy Sheriff, John Doe #2,
ACSO-Deputy Sheriff, John Doe #3,
defendants.

## I. Exhauston of Administrative Remedies

A. Place of present confinement is: Santa Rita Jail-Dublin, CA.
B. There is a grievance procedure in this institution.
C. Plaintiff presented the facts in an Inmate Grievance Form.
D. Plaintiff submitted Inmate Grievance-Tracking #20-0319 on 1-26-20.
　1. Inmate Grievance-Tracking #20-0319 could not be resolved at the informal level.

(continue, on page 2)

2. Inmate Grievance-Tracking #20-0319 was affirmed at the first formal level, plaintiff concurred.

E. Due to Inmate Grievance-Tracking #20-0319 being affirmed, the Santa Rita Jail (here-in "SRJ")-Grievance Response Unit has concluded plaintiff's participation in its grievance process, plaintiff has exhausted remedy available.

II. Jurisdiction

1. The Court has jurisdiction over plaintiff's claims of violations to his federal constitutional rights under 42 U.S.C., Section 1983.

2. The Court has supplemental jurisdiction over plaintiff's state law claim of negligence, under 28 U.S.C., Section 1367.

III. Parties

1. Plaintiff, Reginald Robertson, is a pre-trial detainee presently being held at SRJ-Dublin, CA. At all times mentioned in this complaint, plaintiff was a pre-trial detainee classified "protective-custody" and housed in SRJ-Housing Unit (here-in "H.U.")-#22.

2. Defendant John Doe #1 is a Sheriff's Technician with the Alameda County Sheriff's Office (here-in "ACSO"),...

(continue, on page 3)

... SRJ staff member. He is sued individually and in his official capacity.

3. Defendants John Doe #2 and #3 are ACSO-Deputies and SRJ staff members. They are sued individually and in their official capacities.

4. At all times mentioned during this complaint, defendants were acting under color of law.

## IV. Facts

5. At approximately 1745 hrs on January 23rd, 2020 defendant John Doe #1 announced over the jail-internal communication system that plaintiff had a non-contact visit.

6. Plaintiff proceeded to SRJ-H.U. #22's visiting area and was met by Deputy Harris. SRJ-Deputy Harris unlocked visiting booth #8, plaintiff entered booth #8, and the door - to the booth - automatically locked, once closed.

7. Then Deputy Harris left the visiting and plaintiff saw that there were two inmates in adjacent booths, booths #9 and #10 - individually.

8. The inmate in booth #10 was first to meet with...

(continue, on page 4)

...a representative of Bay Area Community Services- Mr. Williamson- for approximately five minutes.

9. Next, the inmate in visiting booth #9 met with Mr. Williamson, also for approximately five minutes.

10. Plaintiff then met with Mr. Williamson for approximately five minutes, after which time Mr. Williamson left the visiting area.

11. Moments after Mr. Williamson left the visiting area plaintiff and the previously mentioned inmates (complaint at #7), all three pressed the "call" button - located on the wall, near each visiting booth's door - to alert defendant John Doe #1.

12. The door to visiting booth #10 "buzzed" and the inmate that was occupying that booth, left the visiting area.

13. The doors to plaintiff's booth (#8) and the inmate in #9 did not "buzz".

14. For over four-hours plaintiff and the inmate in booth #9 made multiple attempts to alert SRJ staff and gain removal from their respective booths (i.e. knocking on the visiting booths doors and windows, repetively pressing the booths' "call" button, hitting the visiting booths' doors with closed fists, yelling loudly "deputy" and "let us out we're, trapped in the visiting booth"!).

15. Plaintiff learned at this time also that the inmate in visiting booth #9- during this incident- was Mr. Carl...

(continue, on page 5)

... Wright (pfn: BKU101), and he was being housed in SRJ-H.U. #22 West.

16. During the subject-incident (complaint at #14) plaintiff was isolated in a tiny booth (slightly larger than a phone-booth and a fraction of the size of a normal jail cell), with no food, water, or access to a toilet.

17. During the subject-incident, plaintiff was not provided prescribed psychotropic medication, which exasperated plaintiff's pre-existing mental conditions of Post Tramadic Stress Disorder, Major Depressive Disorder, Anxiety, and paranoia.

18. During the subject-incident (complaint at #14), defendants John Does #3 and #2 failed to perform multiple "safety checks" as mandated by the CA Code of Regulations, Title 15, Section 1027.5 ("safety checks shall be conducted at least hourly through direct visual observation of all inmates. There shall be no more than a 60-minute lapse between safety checks.").

19. Per CA Code of Regulations, Title 24, Section 13-102(a) "Safety checks means direct, visual observation performed at random intervals, which provide for the health and welfare of inmates". In failing to adhere to CA Code of Regulations defendants John Doe #2 and #3 - on information and belief - were in violation of ACSO Policy and Procedure and negligently contributed to plaintiff's injuries.

20. After the subject-incident, SRJ Deputy Alvarez removed...

(continue, on page 6)

... inmate Wright (complaint at #15) and plaintiff, allowing both to use the restroom and recieve water. This was at approximately 2200 hrs.

22. At 2245 hrs plaintiff recieved psychotropic medications and was allowed to return to his normal H.U. cell.

23. Due to the plaintiff's isolation during the subject-incident, plaintiff was not afforded "recreational-time".

24. On information, belief, and based on verbal sparring between plaintiff and defendant John Doe #1 on 1-22-20, where-in both plaintiff and defendant John Doe #1 threatened to "write-up (initiate a disciplinary "write-up" on the part of the defendant and an inmate grievance, on the part of the plaintiff) defendant Doe #1 orchestrated the subject-incident in retaliation for plaintiff ascerting his R.R. constitutionally protected right to freedom of speech and for "redress of grievances", under the First Amendment, U.S. Constitution.

V. Claims for Relief

25. Defendant John Doe #1, on information and belief, initiated the subject-incident (complaint at #14) in retaliation for plaintiff challenging defendant Doe #1's authority (complaint at #24), in violation of plaintiff's rights under the First Amendment, U.S. Constitution.

(continue, on page 7)

26. On information, belief, and plaintiff eye-witness testimony, conditions under which plaintiff suffered were akin to punishment (complaint at #14, #16, #17, and #23), in violation of plaintiff's right to due process afforded under the Fourteenth Amendment, U.S. Constitution.

27. On information and belief, all defendants of this action (complaint at #2 and #3), were -by act or omission- guilty of the tort of negligence (complaint at #14, #18, and #19), contributing to plaintiff's injuries and in violation of Titles 15 and 24, CA Code of Regulations (complaint at #18 and #19).

28. In orchestrating the subject-incident, John Doe #1's act or omission(s) caused plaintiff to be denied his constitutionally protected liberty of "recreational time", as afforded under the First Amendment and 14th Amendment, U.S. Constitution.

WHEREFORE, plaintiff requests the Court grant the following relief:

A. 1. Injunctive relief to update ACSO Policy and Procedure with mandated safety checks of inmates located in SRJ-H.U. visiting areas, in compliance with Section 1027.5, Title 15 CA Code of Regulations.

B. 1. Award compensatory damages against defendant, ...

(continue, on page 8)

... John Doe #1 for isolation of plaintiff in retaliation to plaintiff's threat of writing an inmate grievance.

2. Award punitive damages against John Doe #1 for denial (omit) R.R. of plaintiff's isolation, loss of liberty, under conditions which amounted to punishment of a pre-trial detainee, as the Court deems is fair and just.

C. 1. Award compensatory damages against the defendants of this action (complaint at #2 and #3) jointly and severly for the tort of negligence, under CA State law and as the Court deems is fair and just

D. 1 Grant such other relief as the Court may determine plaintiff is entitled

Pursuant to 28 U.S.C. 1746, I declare (that the foregoing is true and correct), under penalty of perjury. Executed this 1st day of April 2020.

Respectfully Submitted,

R. Robertson    In Propria Persona

Mr. R. Robertson-Apm873
5325 Broder Blvd.
Dublin, CA    94568-3309

(page 8, of 8)

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Robertson, R.

**DEFENDANTS**
Alameda County-Sheriff's Technician- John Doe #1
Alameda County-Deputy Sheriffs- John Does #2 and #3

(b) County of Residence of First Listed Plaintiff: **Alameda**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Alameda**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Plaintiff proceeds in pro per

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS - PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**42 U.S.C., Section 1983**
Brief description of cause:
Retaliation-1st Amendment, 14th Amendment-Due Process, Tort of Negligence.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE: N/A
DOCKET NUMBER: N/A

DATE
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____