UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINAL ROBERTSON,<br><br>Plaintiff,<br><br>v.<br><br>J. KAISER-NEVEL, et al.,<br><br>Defendants. | Case No. 20-02523 BLF (PR)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**<br><br>(Docket No. 22) |

Plaintiff, a pre-trial detainee, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against jail staff at the Santa Rita County Jail, where he is currently housed. Dkt. No. 1. Plaintiff was granted leave to amend, Dkt. No. 19, such that the second amended complaint filed on October 15, 2020, is now the operative complaint in this action. Dkt. No. 21. Plaintiff has recently filed a motion for a preliminary injunction and temporary restraining order to compel Defendants to acknowledge his status as a "court-certified pro-per" and be provided "all materials, rights, privileges, and assistance afforded to inmates with said designation." Dkt. No. 22 at 1-2.

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P.

65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b).

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). The standard for issuing a TRO is similar to that required for a preliminary injunction. *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Defendants have not been served in this action, and Plaintiff does not indicate that he has otherwise notified them of the claims in this matter. Accordingly, it does not appear that Plaintiff has satisfied the notice requirement of Rule 65(a)(1). Furthermore, Plaintiff has established none of the factors under *Winter* to otherwise warrant preliminary relief. Lastly, a plaintiff is not entitled to an injunction based on claims not pled in the complaint. *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient

nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* The complaint asserts that Plaintiff was unlawfully confined in a visiting booth for several hours, resulting in various deprivations. Dkt. No. 21 at 6-7. These claims have no nexus to the claim in the instant motion that he is entitled to "pro-per" status. Dkt. No. 22. Accordingly, Plaintiff's motion for a preliminary injunction and TRO is DENIED as without merit.

This order terminates Docket No. 22.

**IT IS SO ORDERED.**

Dated: _January 4, 2021_____

*[signature]*
BETH LABSON FREEMAN
United States District Judge

Order Denying TRO
PRO-SE\BLF\CR.20\02523Robertson_deny.tro

3