United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REGINALD ROBERTSON,

        Plaintiff,

    v.

J. KAISER-NEVEL, et al.,

        Defendants.

Case No. 20-02523 BLF (PR)

**ORDER OF PARTIAL DISMISSAL AND DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a pretrial detainee, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Doe Defendants at the Santa Rita Jail in Dublin, California. Dkt. No. 1. The Court granted Plaintiff's motion for leave to file an amended complaint to provide the names of the Defendants, Dkt. No. 15, and then subsequently granted a motion to withdraw a second amended complaint to filing a new one, Dkt. No. 19. Plaintiff filed a "second amended complaint" which is the operative complaint in this action. Dkt. No. 21.

### DISCUSSION

**A.**    <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.    Plaintiff's Claims

On January 23, 2020, at approximately "1745 hours" (5:45 p.m.), Defendant Bussell announced over the Jail's intercom that Plaintiff had a non-contact visit. Dkt. No. 21 at 3. Plaintiff was placed in booth #8 by Defendant Harris, who then left the visiting area. *Id.* at 4. Along with Plaintiff, there were two other inmates, each in booths # 9 and 10, meeting with a representative of Bay Area Community Services. *Id.* at 4. Upon the completion of their visits, the inmates all pressed the "call" button to alert Defendant Bussell and/or Defendant Kaiser-Nevel, whom Plaintiff believes were in the control/technician booth, that their visits were finished. *Id.* at 4-5. The door to booth #10 "buzzed" and the inmate therein was able to exit and leave the visiting area. *Id.* However, Plaintiff's booth, # 8, and the adjacent booth #9 did not "buzz" nor would the doors open. *Id.* For several hours, Plaintiff and the other inmate made numerous attempts to alert jail staff by repeatedly pressing the "call" button, hitting the doors, and yelling loudly, but no one responded. *Id.* at 5-6. At approximately "2200 hrs" (10 p.m.), Defendant Alvarez arrived and let the inmates out of the booths and moved them to individual isolation cells. *Id.* at 8. Forty-five minutes later, Plaintiff received his psychotropic and pain medications, and then allowed to return to his assigned cell. *Id.* During the time he was trapped in the booth, Plaintiff claims he was confined in a space the size of a telephone booth, without food, water, or

restroom access. *Id.* at 6.  Plaintiff claims he was also denied the opportunity to receive his psychotropic medications for pre-existing mental health impairments and pain medication for arthritis in his right shoulder and low-back, and deprived of his recreational time.  *Id.* at 6-7.  "On information, belief, temporal proximity, and fact no legitimate penological interest has been cited to justify the subject-incident," Plaintiff asserts that Defendant Bussell "initiated the adverse action in retaliation for verbal sparring" that took place the day before, on January 22, 2020.  *Id.* at 8.  During their argument, Plaintiff had threatened to file an inmate grievance and Defendant Bussell had threatened a disciplinary write-up.  *Id.* at 8.  Plaintiff seeks injunctive relief and damages.  *Id.* at 11-12.

Plaintiff's retaliation claim against Defendant Bussell fails because he does not allege sufficient facts to establish all the elements for a retaliation claim.  Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  Plaintiff claims that Defendant Bussell kept him trapped in the visiting for several hours in order to retaliate against him for threatening to file an inmate grievance against him during an argument the day before.  However, Plaintiff is merely speculating that Defendant Bussell was responsible for the incident in claiming that he was a "catalyst" to his being unduly confined in the visiting cell.  Dkt. No. 21 at 9.  Plaintiff makes no factual allegations establishing that Defendant Bussell was in the control booth at the time or that he was even aware that Plaintiff and another inmate were trapped in the visiting booth but failed to response.  Rather, he states that it was "<u>either</u> Defendant Bussell <u>or</u> Kaiser-Nevel," indicating that he is only speculating who was in the control booth at the time.  If Defendant Kaiser-Nevel was in the booth, then Plaintiff cannot establish a causal connection between his verbal sparring with Defendant Bussell the day before and the

visiting booth incident. Accordingly, this claim will be dismissed with leave to amend for Plaintiff to attempt to allege sufficient facts to establish all the elements for a retaliation claim against Defendant Bussell, if he can do so in good faith.

Plaintiff also claims that his confinement in the visiting booth amounted to punishment in violation of the Fourteenth Amendment. Dkt. No.21 at 9. Inmates who sue prison officials for damages for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). But under both clauses, the inmate must show that the prison official acted with deliberate indifference. *Id.* at 1068. Here, it is unclear whether Plaintiff's confinement in the visiting booth was deliberate or accidental, e.g., due to a malfunction in the lock, especially since another inmate was involved and it does not appear that Plaintiff was targeted. If it was accidental, then it cannot be said that the confinement was the result of deliberate indifference. Accordingly, this claim is also dismissed with leave to amend for Plaintiff to attempt to allege sufficient facts that are not based on pure speculation to establish that Defendant Bussell acted with deliberate indifference because he had personal knowledge that Plaintiff was trapped in the visiting booth but failed to take reasonable steps to abate the harm.

Lastly, Plaintiff claims that Defendants Alvarez, Ella, Harris, Wong, and Kaiser-Nevel "negligently failed" to perform their duties, *i.e.*, safety checks and special management duties, which contributed to his injuries. Dkt. No. 21 at 10. However, neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). Even pretrial detainees, who are protected by the Due Process Clause of the Fourteenth Amendment and not the Cruel and Unusual Punishments Clause

of the Eighth Amendment, must show deliberate indifference. *See Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1074 (1992). Accordingly, Plaintiff's negligence claims against these Defendants must be dismissed for failure to state a claim for relief.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. Plaintiff's negligence claims against Defendants Alvarez, Ella, Harris, Wong, and Kaiser-Nevel are **DISMISSED with prejudice** for failure to state a claim for relief. *See* 28 U.S.C. § 1915A (b)(1),(2). The Clerk shall terminate these Defendants from this action.

2. Plaintiff's retaliation and due process claims against Defendant D. Bussell are **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file a THIRD amended complaint using the court's form complaint. The third amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 20-02523 BLF (PR), and the words "THIRD AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the third amended complaint supersedes the second amended complaint, and Plaintiff may not make references to any prior amended complaint. Claims not included in the third amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing a third amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

///

///

**IT IS SO ORDERED.**

Dated: _January 6, 2021_____

                                                                 *[signature]*
                                                                 BETH LABSON FREEMAN
                                                                 United States District Judge

Order of Partial Dismissal and Dismissal with Leave to Amend
PRO-SE\BLF\CR.20\02523Robertson_dwlta

6