UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD ROBERTSON,<br><br>    Plaintiff,<br><br>    v.<br><br>1 DOE, et al.,<br><br>    Defendants. | Case No. 20-02523 BLF (PR)<br><br>**ORDER *SUA SPONTE* GRANTING RECONSIDERATION; TERMINATING MOTION AS MOOT; DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT**<br><br>(Docket No. 25) |

Plaintiff, a state prisoner at the Santa Rita Jail (the "Jail") in Dublin, California, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against personnel at the Jail. On January 6, 2021, the Court issued an "Order of Partial Dismissal and Dismissal with Leave to Amend." Dkt. No. 24. In the order, the Court dismissed a negligence claim for failure to state a claim for relief under § 1983 and dismissed with leave to amend retaliation and due process claims. *Id.* at 5. Plaintiff was directed to file a third amended complaint within twenty-eight days from the date the order was filed. *Id.*

On February 1, 2021, Plaintiff filed a motion for leave to file a motion for reconsideration under Local Rule 7-9(b)(3). Dkt. No. 25 at 1. Plaintiff asserts that he believes the negligence claim has merit and seeks additional time to support his position.

Dkt. No. 25-2 at 2. He states that delays in the Santa Rita Jail's mail room resulted in a nearly two-week delay in receiving the last court order. Dkt. No. 25 at 2.

Local Rule 7-9 provides that a party "may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9(b)." Along with reasonable diligence in bringing the motion, subsection (3) of Rule 7-9(b) provides that the moving party must show a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

The Court has reviewed the second amended complaint and finds that although negligence is not actionable under § 1983, Plaintiff separately alleged negligence and Bane Act claims under state law, over which the Court may take supplemental jurisdiction. Dkt. No. 21 at 2. Although Plaintiff has not identified permitted grounds for reconsideration, the Court will *sua sponte* reconsider its Order on the basis that the Court misunderstood the negligence claim. Accordingly, upon reconsideration the Court hereby modifies that Order to GRANT leave to amend the state law negligence claim along with the other claims on which the Court allowed amendment. As to Plaintiff's request to file a motion for reconsideration, that motion is no longer necessary and this it is terminated as moot. Dkt. No. 25.

Plaintiff may reallege the state law claims of negligence and under the Bane Act in his third amended complaint. Plaintiff must allege sufficient facts in support as the Court will conduct another initial screening of those state law claims along with the federal retaliation and due process claims as discussed in the last court order. Dkt. No. 24.

Plaintiff shall file a THIRD amended complaint using the court's form complaint **no later than March 6, 2021.** All other provisions of the Court's "Order of Partial Dismissal and Dismissal with Leave to Amend" shall remain in effect.

**Failure to file a third amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

2

This order terminates Docket No. 25.

**IT IS SO ORDERED.**

Dated: _February 5, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order Granting Recon; Deny Motion as Moot; Pl to File TAC
PRO-SE\BLF\CR.20\02523Robertson_recon.TACdue