UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD ROBERTSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. KAISER-NEVEL, et al.,<br><br>　　　　Defendants. | Case No. 20-02523 BLF (PR)<br><br>**ORDER DENYING MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING; DENYING "PETITION FOR ALTERNATIVE WRIT OF MANDAMUS"**<br><br>(Docket Nos. 28, 29) |

Plaintiff, a pre-trial detainee, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against jail staff at the Santa Rita County Jail, where he is currently housed. With leave of the Court, Plaintiff filed a third amended complaint, Dkt. No. 27, which shall be screened in due course. Before the Court is Plaintiff's motion for permission for electronic case filing, Dkt. No. 28, and a "petition for alternative writ of mandamus," Dkt. No. 29.

### DISCUSSION

**A.   Motion for Permission for Electronic Case Filing**

In the motion for permission for electronic case filing, Plaintiff indicates that he is a client of a "nonprofit/advocacy organization" called "Destination Freedom" and he wants

to authorize a representative of that organization, Gale Sanders, to access the docket and have e-filing privileges on his behalf. Dkt. No. 28 at 3. However, there is no indication that this representative is an attorney. If Ms. Sanders is an attorney and wants to represent Plaintiff pro bono, she must make a formal appearance on his behalf. Otherwise, she and her organization are non-parties and may not act on behalf of Plaintiff, who is representing himself, in this matter. Accordingly, the motion for electronic case filing is DENIED since Plaintiff has not demonstrated that he would be able to efile without the aid of Ms. Sanders and her organization.

B. **"Petition for Alternative Writ of Mandamus"**

Plaintiff has also filed a "petition for alternative writ of mandamus" which appears to have been prepared by "Destination Freedom," although signed by Plaintiff. Dkt. No. 29. The "petition" cites to "FRCP Rules 42(a)(1), 42(a)(3), 28 U.S.C. §§ 1651(a) and 1651(b)." *Id.* at 1. Through this "alternative writ," Plaintiff seeks to compel the "Respondents, County of Alameda, real party in interest, Sheriff Greg Ahern, and their subordinates, to perform their ministerial duty of providing inmates seeking access to the courts with the requirements sent forth in Bounds v. Smith, 430 U.S. 817…," i.e., to provide Plaintiff (as an indigent inmate) with supplies, notarial services, and stamps in order to access the court. Dkt. No. 29 at 1-2. There are several reasons why this filing is inappropriate and without merit.

First of all, the petition cites to "FRCP Rules 42(a)(1), 42(a)(3)," but Plaintiff fails to explain how the Federal Rules of Civil Procedure on "Consolidation; Separate Trials" has any relevance to the remedy he seeks. Dkt. No. 29 at 1. Accordingly, the Court finds no basis for granting the petition under these rules.

Furthermore, the All Writs Act provides in relevant part that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Under this authority, the writ of mandamus may be used in the

2

federal courts to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. *See Will v. United States*, 389 U.S. 90, 95 (1967). Only exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy. *See id.*; *In re United States*, 875 F.3d 1200, 1205 (9th Cir. 2017) ("The writ of mandamus is a drastic and extraordinary remedy reserved only for really extraordinary cases.") (quoting *In re Van Dusen*, 654 F.3d 838, 840 (9th Cir. 2011). The issuance of a writ is largely a matter of the court's discretion. *In re United States*, 875 F.3d at 1205. Mandamus does not supersede other remedies; it only comes into play when there is a want of such remedies. *See Carter v. Seamans*, 411 F.2d 767 (5th Cir. 1969), *cert. denied*, 397 U.S. 941(1970). Here, Plaintiff's lack of legal supplies and resources is simply not an "exceptional circumstance" that justifies the extraordinary remedy of the issuance of a writ of mandamus. *See Will*, 389 U.S. at 95. Furthermore, this type of remedy is not available where Plaintiff has an adequate legal remedy aside from mandamus, *e.g.*, by filing a separate lawsuit against the appropriate Defendants. *See Carter*, 411 F.2d 767. Accordingly, the petition for writ of mandamus must be denied as without merit. Plaintiff may seek a remedy for his access to the courts claim by filing a separate lawsuit.

   Even if the Court construes the petition as a request for a preliminary injunction or temporary restraining order ("TRO"), it is without merit. Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the

reasons supporting the claim that notice should not be required.  *See* Fed. R. Civ. P. 65(b).

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original).  The standard for issuing a TRO is similar to that required for a preliminary injunction.  *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

No defendant has been served in this action, and Plaintiff does not indicate that he has otherwise notified any defendant of the claims in this matter.  Accordingly, it does not appear that Plaintiff has satisfied the notice requirement of Rule 65(a)(1).  Furthermore, Plaintiff has established none of the factors under *Winter* to otherwise warrant preliminary relief.  Lastly, a plaintiff is not entitled to an injunction based on claims not pled in the complaint.  *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).  "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.  This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself."  *Id.*  The underlying action is based on the claim that Plaintiff was unlawfully confined in a visiting booth for several hours, resulting in various deprivations.  Dkt. No. 21 at 6-7.  This claim has no nexus to the claim in the motion that Plaintiff has a right of access to the courts, which includes being provided legal supplies.  Accordingly, to the extent that the "petition for alternative writ of mandamus" seeks a TRO or preliminary injunction, the motion is DENIED as without merit.

4

# CONCLUSION

For the foregoing reasons, Plaintiff's motion for permission for electronic case filing is DENIED. Dkt. No. 28. Plaintiff's "petition for alternative writ of mandamus" is DENIED as without merit. He may file an access to the courts claim in a separate action and pay the applicable filing fees.

The Clerk shall include a copy of the court's form complaint and an *in forma pauperis* application with a copy of this order to Plaintiff.

This order terminates Docket Nos. 28 and 29.

**IT IS SO ORDERED.**

**Dated:  _June 14, 2021_____**

                                                                     _____
                                                                     BETH LABSON FREEMAN
                                                                     United States District Judge

Order Denying Motion for Efiling; Denying Pet.
PRO-SE\BLF\CR.20\02523Robertson_deny.efile