UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REGINALD ROBERTSON,

    Plaintiff,

    v.

J. KAISER-NEVEL, et al.,

    Defendants.

Case No. 20-02523  BLF (PR)

**ORDER OF SERVICE; DENYING MOTION FOR RECONSIDERATION; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

(Docket No. 34)

    Plaintiff, a pretrial detainee, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against staff at the Santa Rita Jail in Dublin, California.  Dkt. No. 1.  The Court dismissed Plaintiff's second amended complaint with leave to amend to correct various deficiencies, and also later granted leave to include supplemental state law claims.  Dkt. Nos. 24, 26.  Plaintiff filed a third amended complaint which is the operative complaint in this action.  Dkt. No. 27.  Plaintiff also filed a motion for reconsideration of the Court's denial of his request for permission for electronic case filing.  Dkt. No. 34.

**DISCUSSION**

**A.**    **Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff names the following as defendants: D. Bussell (Technician); Deputies J. Alvarez, M. Ella, G. Harris, and C. Wong; and Alameda County. Dkt. No. 27 at 7. The underlying incident for this cause of action occurred at the Santa Rita Jail. *Id.*

Plaintiff claims that on January 22, 2020, he was involved in a verbal dispute with Defendant Bussell which ended with each threatening the other with a "write-up." Dkt. No. 27 at 15. Plaintiff claims the injuries he suffered the next day were a direct result of this conflict with Defendant Bussell. *Id.*

On January 23, 2020, at approximately "1745 hours" (5:45 p.m.), Defendant Bussell announced over the Jail's intercom that Plaintiff had a non-contact visit. Dkt. No. 27 at 7. Defendant Bussell was in the "H.U. Control/Technician booth" at the time. *Id.* at 10. Plaintiff was placed in booth #8 by Defendant Harris, who then left the visiting area. *Id.* at 4. Plaintiff claims Defendant Bussell had primary control of the visiting area as he was the only technician present at the time. *Id.* at 10-11. Along with Plaintiff, there were two other inmates, each in booths # 9 and 10, meeting with a representative of Bay Area Community Services. *Id.* at 4. Upon the completion of their visits, the inmates all pressed the "call" button to alert Defendant Bussell, whom Plaintiff believes was still in the

2

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

control/technician booth, that their visits were finished. *Id.* at 11. The door to booth #10 "buzzed" and the inmate therein was able to exit and leave the visiting area. *Id.* However, Plaintiff's booth, # 8, and the adjacent booth #9 did not "buzz" nor would the doors open. *Id.* For several hours, Plaintiff and the other inmate made numerous attempts to alert jail staff by repeatedly pressing the "call" button, hitting the doors, and yelling loudly, but no one responded. *Id.* at 12. Plaintiff claims Defendant Bussell "maintained exclusive control over the adverse conditions of the subject-incident and consciously chose not to abate the risk of harm to Plaintiff," in violation of due process under the Fourteenth Amendment. *Id.* at 16. At approximately 10 p.m., Defendant Alvarez arrived and let the inmates out of the booths and moved them to individual isolation cells, allowing them to use the restrooms and receive water. *Id.* at 14. Forty-five minutes later, Plaintiff received his psychotropic and pain medications, and then allowed to return to his assigned cell. *Id.*

During the time he was trapped in the booth, Plaintiff claims he was confined in a space the size of a telephone booth, without food, water, or restroom access. *Id.* at 12. Plaintiff claims he was also denied the opportunity to receive his psychotropic medications for pre-existing mental health impairments, and his pre-existing arthritis in his right shoulder and low-back were exacerbated without access to his prescribed medications. *Id.* at 12-13. Plaintiff also claims he was deprived of his recreational time in violation of state regulations. *Id.* at 13.

Plaintiff claims Defendants Alvarez, Harris, and Wong had a "statutorily mandated duty to perform 'safety checks' of all inmates housed at that location'" pursuant to state regulations, and that they failed to perform these safety checks during the time he was confined in the booth. *Id.* at 13-14. Plaintiff claims the County of Alameda violated state regulations in failing to "discharge its duty" prevent injuries sustained by Plaintiff during the incident. *Id.* at 14. Plaintiff seeks injunctive relief and damages. *Id.* at 17-20.

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an

3

inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  Plaintiff claims that Defendant Bussell kept him trapped in the visiting booth for several hours in order to retaliate against him for threatening to file an inmate grievance against him during an argument the day before.  Dkt. No. 27 at 15. Plaintiff also claims his actions chilled the exercise of his First Amendment rights and did not reasonably advance a legitimate correctional goal.  *Id.*  These allegations are sufficient to state a retaliation claim against Defendant Bussell.

Plaintiff also claims that his confinement in the visiting booth amounted to punishment in violation of the Fourteenth Amendment.  Dkt. No.21 at 9.  Inmates who sue prison officials for damages for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). But under both clauses, the inmate must show that the prison official acted with deliberate indifference.  *Id.* at 1068.  Plaintiff's allegations that Defendant Bussell deliberately kept him trapped in the visiting booth for several hours, liberally construed, states a Fourteenth Amendment claim based on Defendant Bussell's deliberate indifference to the risk of harm to Plaintiff.

Plaintiff also claims Defendant Bussell violated state regulations and acted negligently.  Dkt. No. 27 at 16.  Plaintiff claims that Defendants Alvarez, Ella, Harris, and Wong had a "statutory-mandated duty" to perform "'safety checks'" and failed to perform them while he was trapped in the visiting booth.  Dkt. No. 27 at 13-14, 16-17.  Plaintiff also claims Alameda County is liable for the "failure to discharge its duty under statute." *Id.* at 14, 17.  Court will exercise supplemental jurisdiction over these state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

C.      **Motion for Reconsideration**

        Plaintiff filed a motion for permission for electronic case filing ("ECF"), Dkt. No. 28, which the Court denied because Plaintiff wanted to permit a third party, who was not his legal representative, to access the docket and have e-filing privileges on his behalf. Dkt. No. 32.  The Court found this was not appropriate where there was no indication that this third-party was an attorney, and Plaintiff was otherwise representing himself in this matter.  *Id.* at 2.  Because Plaintiff could not demonstrate that he would be able to e-file without the aid of this third party, the Court denied permission for e-filing status.  *Id.*

        Plaintiff has filed a motion for reconsideration of that denial under Civil L.R. 7-9(b)(3) and 7-9(b)(1).  Dkt. No. 34 at 5.  Plaintiff asserts that General Order No. 72-6 suspended the requirement for pro se parties to request permission for ECF under Civil L.R. 5-1(b) "until further notice."  Dkt. No. 34 at 3.  Plaintiff also asserts that Local Rule 5-1(c)(4) allows any "person" to e-file on behalf of another, and that person need not be an attorney.  *Id.* at 4.  Lastly, Plaintiff asserts that he has previously been granted permission for ECF, and that granting him permission in this matter would be consistent with the prior ruling of the Court.  *Id.* at 5.

        Plaintiff's arguments are without merit.  First of all, if Plaintiff was indeed relying on General Order No. 72-6, he need not have sought permission from this Court at all.  But it appears he did so to obtain permission for a third-party "representative" to access the docket and file papers on his behalf.  Dkt. No. 28.  As discussed previously, the Court correctly found it was not appropriate for a non-attorney third party to act on Plaintiff's behalf where he was representing himself in the matter.  Dkt. No. 32 at 2.  Furthermore, General Order No. 72-6 was abrogated on June 23, 2021,[1] and is therefore no longer a basis for reconsideration.  With regards to Local Rule 5-1(c)(4), that section only applies if a party already has e-filing status: Plaintiff does not.  Lastly, when Plaintiff was granted

---

[1] https://www.cand.uscourts.gov/rules/abrogated-general-orders/

United States District Court
Northern District of California

ECF status in the previous action, the district judge in that matter explicitly found that Plaintiff met the technical requirements for e-filing.  Dkt. No. 34-2 at 7.  Here, the Court found that Plaintiff failed to demonstrate that he would be able to e-file without the aid of the third-party.  Dkt. No. 32 at 2.  In fact, the only email he provided was that of the third-party.  Dkt. No. 28 at 1.

Based on the foregoing, the Court finds no basis for granting reconsideration of the court order denying Plaintiff permission for electronic case filing.  Plaintiff has failed to demonstrate that there is a material difference in fact or law from that which was presented to the Court of which he was unaware in the exercise of reasonable diligence, or a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before it issued the order.  *See* Civil L.R. 7-9(b)(1), (3).  Accordingly, the motion for reconsideration is DENIED.  Dkt. No. 32.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the third amended complaint, Dkt. No. 27, all attachments thereto, and a copy of this order upon **Defendants D. Bussell (Technician), Deputy J. Alvarez, Deputy M. Ella, Deputy G. Harris, and Deputy C. Wong** at the **Santa Rita County Jail (**5325 Broder Blvd., Dublin, CA 94568).  The Clerk shall also mail the same to County Counsel for **Defendant Alameda County** (1221 Oak Street, Suite 450, Oakland, CA 94612).  The Clerk shall also mail a copy of this Order to Plaintiff.

2.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail

United States District Court
Northern District of California

to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty  (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3.      No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b.      **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'

1    motion is filed.

2         Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and

3    *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment

4    must come forward with evidence showing triable issues of material fact on every essential

5    element of his claim).  Plaintiff is cautioned that failure to file an opposition to

6    Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to

7    the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See*

8    *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18

9    F.3d 651, 653 (9th Cir. 1994).

10        5.    Defendants *shall* file a reply brief no later than **fourteen (14) days** after

11   Plaintiff's opposition is filed.

12        6.    The motion shall be deemed submitted as of the date the reply brief is due.

13   No hearing will be held on the motion unless the Court so orders at a later date.

14        7.    All communications by the Plaintiff with the Court must be served on

15   Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

16   copy of the document to Defendants or Defendants' counsel.

17        8.    Discovery may be taken in accordance with the Federal Rules of Civil

18   Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

19   Rule 16-1 is required before the parties may conduct discovery.

20        9.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

21   court informed of any change of address and must comply with the court's orders in a

22   timely fashion.  Failure to do so may result in the dismissal of this action for failure to

23   prosecute pursuant to Federal Rule of Civil Procedure 41(b).

24        10.   Extensions of time must be filed no later than the deadline sought to be

25   extended and must be accompanied by a showing of good cause.

26        11.   Plaintiff's motion for reconsideration is **DENIED**.  Dkt. No. 34.

27        This order terminates Docket No. 34.

28                                          8

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS SO ORDERED.**

**Dated:   __September 24, 2021___**

BETH LABSON FREEMAN
United States District Judge

Order of Service; Deny Mot. for Recon.
PRO-SE\BLF\CR.20\02523Robertson_screen.TAC

9