1 | Your name: Robertson, R., plaintiff.
2 | Address: 5325 Broder Blvd.
3 | Dublin, CA 94568-3309
4 | Phone Number: (775)-335-7773 (message)
5 | Fax Number:
6 | Plaintiff , Pro Se

**FILED**
AUG 26 2022
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

[Select one location: San Francisco / Oakland / <u>San Jose</u> / Eureka]

| | |
|---|---|
| ROBERTSON, R., | Case Number: 20-cv-02523 BLF |
| Plaintiff(s), | PLAINTIFF'S REQUEST FOR RELIEF |
| vs. | FROM ORDER, GRANTING SUMMARY |
| KAISER-NEYEL, et.al., | JUDGEMENT-FRCP, RULE 60(b) |
| | Monday, August 22nd, 2022 |
| | Courtroom #3, 5th Floor |
| | Hon.- Beth Labson Freeman |
| Defendant(s). | |

PLEASE TAKE NOTICE that on 8-25-22 or as soon thereafter as the above-entitled Court (280 South 1st St./San Jose, CA 95113), may consider, Plaintiff-in pro se- shall move the Court for a grant of relief, from an Order granting Defendants' Motion for Summary Judgement - Dkt. #44 (Fed. R. Civ. P., Rule 60(b)).

(continued, page 2)

TITLE OF DOCUMENT: REQUEST FOR RELIEF, FROM ORDER GRANTING DKT. #44, FRCP 60(b)
CASE NO.: 20-cv-02523 BLF
PAGE NO. 1 OF 9

# BACKGROUND

April, 2020, Plaintiff filed a complaint alleging federal/state law violations - against Santa Rita Jail (here-in, "SRJ"), staff and the entity, County of Alameda. Based on incidents which occurred on January 22-23, 2020. Defendants' filed a motion for summary judgement - Dkt #44, which Plaintiff opposed - Dkt #49 - and filed a supplemental opposition motion, with leave of the Court - Dkt. #56. On August 1st, 2022, the Court granted Docket #44, dismissing all claims - with prejudice - for failure to comply with the CA Tort Claims Act, as well as the Court's interpretation that Plaintiff's federal rights were not violated. Plaintiff now moves to request relief from the Court's Order granting Summary Judgement - as to all claims - and for a ruling by the Court, as to the state law claims contained in Plaintiff's Cross-Motion (Docket #49). Based on the fact, Plaintiff infers his First Amendment, Fourteenth Amendment, respectfully, U.S. Constional rights were violated and he was not required to comply with the claims presentation requirement of the Tort Claims Act.

First Amendment Violation; 1-22-20

1. Within the jail setting, a "write-up" by Alameda County Sheriff's Office - here in, "ACSO" - personnel against an inmate, initiates a disciplinary proceeding (i.e. an adverse circumstance). As a pretrial-detainee, Plaintiff has a liberty interest in being free of adverse action by jail-staff - as Plaintiff's rights under due process provide. At the conclusion of verbal sparring with Defendant, Bussell* and subsequent to Bussell's - undisputed - threat of initiating a "write-up" - Plaintiff exercised his First Amendment right to free speech, by stating to Bussell, Plaintiff would...

(continued, page 3)

TITLE OF DOCUMENT: REQUEST FOR RELIEF, FROM ORDER GRANTING DKT #44, FRCP 60(b)
CASE NO.: 20-CV-02523 BLF
PAGE NO. 2 OF 9

1  ...in turn, "write-up" Bussell. Because Plaintiff is not an
2  ACSO/SRJ staff member, in writing Bussell up- Plaintiff would be
3  initiating an Inmate Grievance, not a disciplinary proceeding. Under
4  the First Amendment, even inmates may/can/do, have a right to "re-
5  dress of grievances". Although Bussell failed to carry out his
6  threat of disciplinary action, the threat of adversity occurred while
7  Plaintiff was engaged in free speech. Had Bussell simply omitted
8  to threatening Plaintiff, Bussell would not have violated a clearly established
9  right. This Court has established this incident as a fact - Dkt.
10 #66, 2, at A, - which Plaintiff provides is a violation of a fed-
11 eral right in the 9th Circuit's jurisdiction (Austin v. Terhune, 367
12 F.3d 1167, 1171 (9th Cir. 2004); Dkt. #49, 2, at #23-#24; First
13 Amendment, U.S. Const. Defendants' and the Court neglect to address
14 this violation of federal law and 9th Circuit precedent. Plaintiff
15 has a right to be free from threat of adversity for exercising his
16 constitutional right of free speech. This fact is material. (Celo-
17 tex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).
18
19  Retaliation - On the Merits
20 2. Although the timing of the subject-incident's occurance was sev-
21 eral hours after the factual incident of 1-22-20, between
22 Bussell and Plaintiff. The subject-incident occurred within
23 24 hours of the verbal sparring match and Bussell's threat
24 of adversity. This closeness in temporal proximity has been
25 held sufficiently compelling circumstantial evidence, to support
26 a retaliation claim - Muhammad v. Close 379 F.3d 413, 417-
27 18 (6th Cir. 2004); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th
28 Cir. 2003).                                  (continued, page 4)

TITLE OF DOCUMENT: REQUEST FOR RELIEF, FROM ORDER GRANTING DKT.#44, FRCP 60(b)
CASE NO.: 20-CV-02523 BLF
PAGE NO. 3 OF 9

... Notwithstanding the circumstantial element, within the jail setting, retaliation can be shown if five basic elements exist: "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct (4) chilled the exercise of the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." - Dkt #66, 15, at "Retaliation-On the Merits", citing, Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Addressing each of the five elements, Plaintiff provides: (1) Bussell threatened Plaintiff on 1-22-20, which the Court ruled is a fact (2) Bussell's threat occurred during Plaintiff's exercise of his First Amendment right to free speech (3) which caused Plaintiff to delay writing a grievance - First Am/Amendment, U.S. Consti- until three-days afterwards (4) (i.e. chilling this right) - Dkt #56, 2, at #26-#27. In continuation of the incident of 1-22-20, which is undisputed, we look to the subject-incident. Defendants' misdirect the Court's attention/focus on 6:00 pm, 1-23-20 and thereafter, while claiming Bussell had no involvement with the adversity of this day. However, the undisputed fact provided by Plaintiff is that at, "5:45 pm on 1-23-20, defendant, D. Bussell announced over the Santa Rita Jail internal communications system - plaintiff had a non-contact visit." - Dkt. 27, 7, at #6. Then Bussell electronically opened Plaintiff's cell-door, seconds afterwards. No other technicians were on duty until fifteen-minutes later. Further, Defendants, Ella, Wong declarations attached to Dkt. #44 show they both lacked personal knowledge of this fact. While Harris' declaration places Bussell - only - in Housing Unit #22 control at 5:45 pm - Dkt. #44-7, 7, at line #26 ...

(continued, page 5)

TITLE OF DOCUMENT: REQUEST FOR RELIEF, FROM ORDER GRANTING DKT#44, FRCP 60(b)
CASE NO.: 20-CV-02523 BLF
PAGE NO. 4 OF 9

"... But for Bussell's announcement and action of electronically unlocking Plaintiff's cell-door, Plaintiff would have been locked in his assigned cell. Bussell's set the subject-incident in motion at 5:45pm, and was the only available technician with the duty of coordinating,...housing unit activities schedule with housing unit deputies and visiting activities with the housing unit deputy and visiting staff." - Dkt. #27, 23, at #30- Redman v. San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991). As established, by Defendants themselves, (5) no legitimate correctional goal was reasonably advanced, in regards to the adverse circumstances of the subject-incident, which Bussell set in motion at 5:45pm. on 1-23-20. Therefore, all five elements of retaliation are in place, in Plaintiff's understanding, Bussell's conduct as described, clearly show "affirmative acts".

State Law Claims

3. Plaintiff seeks a ruling on the Cross-Motion as to State Law claims, pending the outcome of his criminal-proceeding. Inferring that the requirements contained in the Prison Litigation Reform Act, may be inapplicable - depending on the outcome of the criminal action. Accordingly, contingent upon the Court finding merit in the federal law claims, Plaintiff requests a stay of the ruling on state law * claims - Fed. R. Civ. P., Rule 54(b). As the notice-of-claim/exhaustion requirement contained in the PLRA and CA Tort Claims Act, "...conflicts in both its/their purpose and effects with the remedial objectives of 42 U.S.C., Sect. 1983"...

(Continued, page 6)

TITLE OF DOCUMENT: REQUEST FOR RELIEF, FROM ORDER GRANTING DKT. #44, FRCP 60(b)
CASE NO.: 20-cv-02523 BLF
PAGE NO. 5 OF 9

1  ... Felder v. Casey, et.al., 487 U.S. 131, 138, 141-42 U.S.
2  Supreme Ct. (1988).

3

4  Discovery Request, FRCP, Rule 56(e)(4)

5

6  4. As an eye-witness to the subject-incident, it is Plaintiff's testimony
7  there is a reasonable inference, documents contained in Dkt. #44,
8  were misrepresentations of fact. For example, non-party, Sheriff's
9  Technician-Goodall states,*"... as a meal relief technician,"
10 which required me to "temporarily" sit in for housing unit tech-
11 nicians while they took meals..." Yet, Ms Goodall claims
12 she was on site for the-approximately-four-hour duration of
13 the subject-incident; Technician, Kaiser-Nevel never alleged he
14 took a meal; Goodall does not appear to have seen or
15 heard Plaintiff and fails to allege she saw/heard Plaintiff-
16 before, during, after the subject-incident in her declaration; Plain-
17 tiff never saw/heard Goodall during this incident; and there
18 is no record Goodall was assigned to H.U. #22 for four-
19 hours, on 1-23-20, per ACSO-Internal Affairs. Due to
20 Plaintiff contracting COVID-19 in July, 2020 and several
21 instances of Plaintiff being relocated (eight relocations over
22 the course of two-years, by jail-staff). Plaintiff inadvertantly mis
23 placed evidence which-taken as true-fails to support Good-
24 all's presence in housing unit #22 control, during the date/
25 times of the subject-incident and set forth (under penalty of per-
26 jury) in her declaration- Dkt. 44-6, 2, at line #1-#25' (* above,
27 Goodall declaration, 1, at line #27-#28). In opposition,... of Goodall's
28 allegation she was present on 1-23-20... (continued, page 7)

TITLE OF DOCUMENT: REQUEST FOR RELIEF, FROM ORDER GRANTING DKT. #44, FRCP 60(b)
CASE NO.: 20-CV-02523 BLF
PAGE NO. 6 OF 9

... Plaintiff provides: Exhibit #1 and Exhibit #2, as attached to this motion and in support of same - Fed. R. Civ. P., Rules 60(b)(1) and (3). But for Plaintiff having no control over when, how, where he may be relocated both documents were mistakenly lost/misplaced in Plaintiff's belongings, during the relocations.

## CONCLUSION

This Court failed to consider facts on the record in granting Defendants' Motion for Summary Judgement - Docket #44 - maintaining silence on: ① Defendant, Bussell's duties on the day of the subject-incident and according to published policy which Plaintiff provided (see: Dkt. 27, at 21-26; Alameda County Sheriff's Office - Policy/Procedure, 10.12 "Housing Control Post Order", see also: www.alamedacountysheriff.org/about-us/public-policies); ② All named Defendants' duties, regarding continued observation of Plaintiff (see: Dkt. #49, 13-37, as listed there-in, Exhibit "A" - ACSO Policy/Procedure, 8.12 "Inmate Observation and Direct Visual Supervision", see also: ACSO-Public-Policies on their web-site, id.; Exhibit "B" - ACSO Policy/Procedure, 10.05 "Housing Floor/Unit Deputy Post Order", see also: ACSO-Public-Policies on their web-site, id.; ③ As described, supra, Plaintiff infers - in the least - his First Amendment right to free speech, without threat of adverse action - was violated, Austin v. Terhune, id.; ④ Defendant, Bussell in setting the subject-incident in motion and failing to coordinate with the deputy Defendants and his relief (Kaiser-Nevel), Plaintiff's timely removal from the visit, which he announced and initiated ...

(continued, page 8)

TITLE OF DOCUMENT: REQUEST FOR RELIEF, FROM ORDER GRANTING DKT.#44, FRCP 60(b)
CASE NO.: 20-CV-02523 BLF
PAGE NO. 7 OF 9

1. ... by actions he had exclusive control over (5:45pm - 6pm, minimally). - Bussell was involved in the subject-incident by his acts or omissions, and is culpable of retaliation; ⑤ Defendants' were required by law to protect Plaintiff from Harm (i.e. personal security) - Youngberg v. Romeo, 457 U.S. 307, U.S. Suprm Ct. (1982). While breaking the law and maintaining deliberate-indifference to to Plaintiff's mental-health/wellbeing, Defendants additionally ignored duties they were trained to perform as set-forth in their own published policies; ⑥ Therefore, it is reasonable - given the facts provided - Plaintiff's "over-detention" was no accident and had to be coordinated to skirt ACSO's redundant/over-lapping procedures/practices in place, to prevent esp escape, ensure jail security, and safety for its employees, sub-contractors, and inmates. Based on the foregoing, Plaintiff should be granted relief from the Court's Order, granting Defendants' Motion for Summary Judgement - Dkt. #44. Lastly, Plaintiff requests the Court's leave to take discovery, based on Defendants' conflicting submissions and to obtain evidence to support his position; relief from the judgement dismissing all claims - Fed. R. Civ. P., Rule 60(b)(1) (mistake, inadvertence, excusable neglect) and (3) misrepresentations Defendants' owed no duty to Plaintiff-regarding the incident of 1-23-20.

Under the laws for the State of CA and pursuant to 28 U.S.C., Section 1746. Under penalty of perjury, I declare that to the best of my knowledge - the foregoing is true and correct. Executed this 22nd day of August, 2022, at Dublin, CA.

(continued, page 9)

TITLE OF DOCUMENT: REQUEST FOR RELIEF FROM ORDER GRANTING DKT. #44, FRCP 60(b)
CASE NO.: 20-CV-02523 BLF
PAGE NO. 8 OF 9

Respectfully Submitted
for Consideration,

R. Robertson - in pro per

R. Robertson - APM873
5325 Broder Blvd.
Dublin, CA  94568-3309

"Plaintiff's Motion Requesting Relief from Order, Granting Summary Judgement - FRCP, Rule 60(b)(1) and (3)"

Attachments: Exhibit #1 - Email from Cynthia Wilson, Sheriff's Technician Internal Affairs - Indicating Katherine Goodall not assigned to Housing Unit #22 during the times of subject-incident.
Exhibit #2 - Official Response of Sheriff - G. Ahern and then Capt. E. Christy, ACSO - Internal Affairs - which at no "point" shows Ms Goodall assigned to Housing Unit #22, during the times of the subject-incident (dated: 5-18-20, within two-months of filing the instant action).

cc: Counsel for Defendants, Civil L.R., 5-1(h)(1)

TITLE OF DOCUMENT: REQUEST FOR RELIEF, FRCP, 60(b)   CASE NO.: 20-CV-02523 BLF
PAGE NO. 9 OF 9    [JDC TEMPLATE]

Exhibit #1 - Letter (email)

from ACSO-Internal Affairs

S/t C. Wilson - indicating S/t Katherine

Goodall not assigned to Housing

Unit #22, during the date/time of

subject-incident (dated: 3-21-22).

# Gale Sanders

| | |
|---|---|
| **From:** | Wilson, Cynthia R., Sheriff <cwilson@acgov.org> |
| **Sent:** | Monday, March 21, 2022 10:08 AM |
| **To:** | Gale Sanders |
| **Subject:** | RE: Public Records Request - R. Robertson APM873 |
| **Attachments:** | Here are the start and end times for the Deputies and Technicians who were scheduled to work on January 23.pdf |

Here you go.

Best,

*Cynthia Wilson* - Sheriff's Technician
**Alameda County Sheriff's Office - Internal Affairs (Public Records Request)**
3 Park Place, 3rd Floor | Dublin, CA 94568
**office**: 510.208.9805|**fax**: 510.208.9803|**QIC**: 82000
cwilson@acgov.org |https://www.alamedacountysheriff.org/

---

**From:** Gale Sanders <gsanders@destination-freedom.org>
**Sent:** Monday, March 14, 2022 9:35 AM
**To:** Wilson, Cynthia R., Sheriff <cwilson@acgov.org>
**Subject:** Re: Public Records Request - R. Robertson APM873

Good morning:

I appreciate the update.  Thank you,

Best regards,
Gale Sanders
President
Destination:  Freedom
Nevada/Colorado/Oklahoma/California
Ph:  (775) 335-7773
Mailing Address:
P..O. Box 803398
Santa Clarita, CA 91380-3398
Website:  www.destination-freedom.org

---

**From:** Wilson, Cynthia R., Sheriff <cwilson@acgov.org>
**Sent:** Saturday, March 12, 2022 3:03 PM
**To:** Gale Sanders <gsanders@destination-freedom.org>
**Subject:** RE: Public Records Request - R. Robertson APM873

1

Here are the start and end times for the Deputies and Technicians who were scheduled to work on January 23, 2020:

Deputy Jason Alvarez – 1700-2300

Deputy Michael Ella – 0700 – 1900

Deputy Greg Harris – 1700-0500

Deputy Charles Wong – 0700-1900

Sheriff's Technician Daniel Bussell – 0600-1800

Sheriff's Technician Jason Kaiser-Nevel – 1800-0600

Sheriff's Technician Katherine Goodall – Not assigned to this house on this day

Exhibit #2 - On Official ACSO Letter-head and in Response to Public Records Request - CA Gov't C., 6253. Letter from ACSO, Sheriff - G. Ahern and ACSO, Capt. E. Christy - Internal Affairs - indicating s/t Goodall at no "point" assigned to Housing Unit #22, during the date/times of the subject-incident (dated: 5-18-20, two-months of filing the instant-action).

# Alameda County Sheriff's Office

Internal Affairs
1401 Lakeside Drive, 7th Floor, Oakland, CA 94612-4305

## Gregory J. Ahern, Sheriff

Director of Emergency Services
Coroner - Marshal

May 18, 2020

R. Robertson (APM873)
5325 Broder Blvd.
Dublin, CA 94568

Dear Mr. Robertson,

Pursuant to California Government Code Section 6253(c), we write in response to the inquiry that you made to the Alameda County Sheriff's Office under the California Public Records Act, which we received on, May 12, 2020. We note that the requests are limited only to records in our custody and control.

Deputies G. Harris, J. Alvarez, M. Ella, C. Wong; Technicians D. Bussell and J. Kaiser-Nevel were assigned to housing unit 22, at some point, on Thursday January 23, between the hours of 1745 – 2245.

Best regards,

Gregory J. Ahern
Sheriff - Coroner

Emmanuel Christy, Captain
Internal Affairs/Civil Litigation

GJA:EC:crw