Your name: Robertson, R. plaintiff.
Address: 5325 Broder Blvd.
Dublin, CA 94568
Phone Number: (775)-335-7773 (mess.)
Fax Number:
E-mail Address: R. Robertson c/o gsanders@destination-freedom.org
Pro Se [Select one: Plaintiff or Defendant]

FILED
SEP 06 2022
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

[*Select one location: San Francisco / Oakland / San Jose / Eureka*]

ROBERTSON, R.,

Plaintiff(s),

vs.

KAISER-NEVEL, et. al.,

Defendant(s).

Case Number: 20-cv-02523 BLF

*Title of Document:*

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE; FRE, 201; FRCP, RULE 60(b)(3)

PLEASE TAKE NOTICE that upon receipt and filing of this petition and attachments, in the courtroom of the Hon. Beth Labson Freeman (280 South 1st Street/San Jose, CA 95113). Plaintiff in pro se, shall move the Court requesting judicial notice of Defendants'-published-Alameda County Sheriff's Office (here-in, "ACSO"), Policy/Procedure 8.08 - "Inmate Counts" (Fed. R. of Evidence, Rule 201(c)(2)).

(continued, page 2)

... Proof of the existance of overlapping ACSO Policies and practices, which were in place during the subject-incident. Per this policy: ① Defendant, Bussell and non-party Kaiser-Nevel were responsible for maintaining an "accurate count, regarding all (inmate) movement..."[1]; at this incident's onset (Bussell), through conclusion (Kaiser-Nevel); ② all named deputy-defendants conducted informal counts, where they were responsible for, "physically count(ing) each inmate, ensuring they see a living body before counting an inmate present" - ACSO P/P 8.08 IV (B)(1) and (6) (Alvarez, Ella, Harris, Wong); ③ All named Defendants kept a record of ALL counts informal/formal, per policy in an ACSO "Observation Log(s)"; ACSO P/P 8.08, 8.12, 10.05, 10.12 set-forth redundant and overlapping duties Defendants performed to ensure all inmates were accounted for during the subject-incident. Based on this fact, it is unreasonable to conclude the named Defendants were unaware of Plaintiff's "accidental" "over-detention" (Fed. R. Civ. P., Rule 60(b)(3)). There is the inferrence a jury could reasonably conclude Defendants, could be found "deliberately-indifferent" to the adversity sufferred by Plaintiff, during the subject-incident (Farmer v. Brennan, 511 U.S. 825, 844, 114 S. Ct. 1970 (1994); Helling v. McKinney, 509 U.S. 25, 33, 113 S. Ct. 2475 (1993)) (1 above, refers to ACSO P/P 8.08(IV)(A)(6)).

1. Plaintiff interprets it is not possible that - given the facts in existance - Defendants could have allowed the subject-incident to unfold and continue - minus the coordinated acts or omissions, of at least one sheriff's technician, and at least one housing unit deputy. Plaintiff accordingly alleges misrepresentation by Defendants and requests the Court allow Plaintiff to take-limited-discovery of... (continued, page 3)

the official ACSO record of: Defendants duties performed, during the subject-incident; a record of the informal counts performed and attesting Defendants were able to clear/complete inmate counts-minus the presence of Plaintiff; supporting or refuting the fact Defendants knew of Plaintiff's whereabouts/location, at all times; and that no "Special/Emergency Counts" were initiated, with the focus of "finding" Plaintiff-at any point, during the subject-incident( Fed. R. Civ. P., Rule 56(d)(2); FRE, 103(e), Dkt. #49, 4, at line #12-#15; 4-5, at "C." ). It should be duly noted there are multiple log books, Plaintiff requests review of the "Observation logs" (completed by the deputy-defendants, pursuant to ACSO P/P 8.12(B)(1)(b) and III (B)(2)(b)); Close Observation and "General-30 minute-Observation logs", completed by Bussell and the non-party, Kaiser-Nevel.

In accordance with the laws of the United States and laws for the State of California. I declare under penalty of perjury that-to the best of my knowledge-the foregoing is true and correct. Executed this 1st day of September, 2022, at Dublin, CA.

Respectfully Submitted,

R. Robertson - in pro per

Attachment: ACSO P/P 8.08 "Inmate Counts"

R. Robertson - APM873
5325 Broder Blvd.
Dublin, CA 94568

cc: Donna Ziegler / Jill Sazama, Counselers for Defendants - Civil L.R., Rule 5-1(h)

| ALAMEDA COUNTY SHERIFF'S OFFICE<br><br>DETENTION AND CORRECTIONS<br><br>POLICY AND PROCEDURE | **NUMBER:** 8.08 | **PAGES:** 1 of 4 |
|---|---|---|
| | **RELATED ORDERS:** ACA 4-ALDF-2A-17 | |
| | **ISSUED DATE:** July 1, 1989 | |
| | **REVIEW DATE:** December 4, 2015 | |
| | **REVISION DATE:** December 4, 2015 | |
| **CHAPTER:** Security and Control | **SUBJECT:** Inmate Counts | |

I. **PURPOSE:** To establish a system of inmate counts, ensuring accountability of all inmates at all times.

II. **POLICY:** The Detentions and Corrections Division (D&C) policy is to ensure proper inmate accountability is maintained through frequent and accurate inmate head counts. There shall be at least three inmate counts conducted each day, one on each shift. Each facility will maintain a current, accurate record, regarding the location of all inmates at all times to ensure their accountability.

III. **DEFINITIONS:**

A. FORMAL COUNTS: Counts conducted at designated times to ensure the well being and presence of the inmates.

B. INFORMAL COUNTS: Counts and room checks conducted at irregular intervals to ensure the well-being and presence of the inmates throughout each shift.

C. SPECIAL/EMERGENCY COUNTS: Counts conducted at the direction of the Watch Commander, verified as a formal count, and approved by the Watch Commander.

IV. **PROCEDURE:**

A. INMATE COUNTS/POPULATION INFORMATION:

1. The primary function of the facility is the secure custody and control of persons charged with or convicted of a crime, to ensure the safety of the community, personal security of staff, and inmate protection. Twenty-four (24) hour supervision and visual surveillance of inmates is an essential element of this function and must be carried out by trained staff in all facility areas where inmates are physically located.

2. Inmates will be personally observed by staff pursuant to D&C Policy and Procedure (P&P) 8.12, "Observation Logs."

3. Inmates who are on observation logs will be observed pursuant to P&P 8.12, "Observation Logs."

4. During the counts; program personnel, attorneys, visitors, etc., will not be admitted to the housing units.

5. All formal counts will be taken and cleared through the ***Advanced Technology Information Management System (ATIMS)*** computer system. In the event of the ***ATIMS*** system or equipment failure, the daily appointment calendar and ***ATIMS*** custody cards will be used to clear the count.

6. The housing control technician is responsible for maintaining an up-to-date, accurate count regarding all movement in/out, courts, clinic, and work crews, etc.

B. INFORMAL COUNTS/INMATE WELFARE CHECK:

1. The deputy will conduct informal count/room checks pursuant to P&P 8.12, "Observation Logs," throughout each shift.

2. The deputy will make informal counts/room checks at irregular intervals rather than in a predictable pattern.

3. When conducting an informal count, the deputy will use a flashlight as necessary.

4. When checking sleeping inmates, the deputy will confirm the inmate's presence and respiration.

   a. If the inmate is covered by a blanket and the deputy cannot actually see a portion of the inmate's body, and/or if the deputy cannot confirm that the inmate is breathing, the deputy will attempt to wake the inmate from outside the room.

   b. If unable to rouse the inmate from outside the room, the deputy will request assistance before entering the room.

5. At the conclusion of each informal count/room check, the deputy will record the time and "Room Check O.K." or other appropriate entry, depending on the result of the observation, in the day book, and on the appropriate log pursuant to P&P 8.12, "Observation Logs."

C. FORMAL COUNTS:

1. Formal counts will occur at:

   a. Glen E. Dyer Detention Facility (GEDDF): 0300, 1500, and 2300 hours daily
   b. Santa Rita Jail (SRJ): 0300, 1500 and 2300 hours daily
   c. Counts shall include all areas where inmates are physically located

2. Count time will be announced over the intercom systems, except the 0300 hour count.

3. Inmates will return to their cells or dorms for formal and special counts unless authorized to be outside the security perimeter, i.e., court, hospital, etc., or assigned to work details.

a. Inmates will remain near or on their beds, away from the room door during counts.
b. Inmates in Booking at GEDDF and in Intake, Transfer and Release (ITR) at SRJ will be seated until the formal count is completed.

4. Staff supervising inmate work crews will advise the housing control technicians of the inmates' assigned housing units, and how many workers are in their work areas at count time.

5. The number reported by the staff supervising inmate workers will be compared with the number reported by the housing unit/floor deputies and will be included in the housing unit's count.

6. Housing deputies will physically count each inmate, ensuring they see a living human body before counting an inmate present.

7. After the count is completed, the housing deputy will give the count to the housing control technician, who will enter it into ***ATIMS***. At GEDDF, the technician will telephone Booking and report the count totals for Alameda County inmates and the totals for each contract agency's inmates.

8. If the physical count matches the ***ATIMS*** count, the housing unit's internal operations may proceed.

   a. If the counts do not match, the deputy will recount and work with the housing control technician to clear the count.

   b. If the housing unit is unable to resolve the count, the unit's supervisor or Watch Sergeant, along with the Record's Deputy will be informed. The housing unit will then work with the Records Deputy to clear the count.

9. The Records Deputy will enter the Booking/ITR information and housed-out counts.

10. After the facility count has cleared, the Record's Deputy will forward a computer printout of the cleared count to the Watch Commander, via the Booking Sergeant, and advise Central Control at GEDDF and Control Point-1 (CP-1) at SRJ that the count is clear.

11. At GEDDF, Booking will announce over the radio that the count is clear and enter the count and time in the log book. At SRJ, following notification by records, CP-1 will announce over the intercom and radio that the count is clear and enter the count and time in the daily log.

12. At the GEDDF, the Watch Sergeant will approve the count and return the printout to records for filing in the daily business file. At the SRJ, the ITR Sergeant will approve the count and return the printout to records for filing in the daily business file.

D. SPECIAL/EMERGENCY COUNTS:

1. An emergency count is an official count taken at other than one of the times specified for a

formal count. If there is reason to believe an inmate is missing, a count may be necessary to determine who and/or how many are gone.

2. After a major disturbance is under control, a count must be taken to determine that no one has escaped or is in hiding. Records and housing unit controls must be prepared to produce an up-to-date count at all times.

3. During a special/emergency count, all inmates will be returned to their respective housing units.