
DONNA R. ZIEGLER [142415]
County Counsel
By JILL SAZAMA [214215]
Deputy County Counsel
Office of the County Counsel, County of Alameda
1221 Oak Street, Suite 450
Oakland, California 94612
Telephone: (510) 272-6700, fax: (510) 272-5020
Jill.sazama@acgov.org

*Attorneys for Defendants DANIEL BUSSELL, JASON ALVAREZ, MICHAEL ELLA, GREG HARRIS, CHARLES WONG, and COUNTY OF ALAMEDA*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD ROBERTSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. KAISER-NEVEL, et al.,<br><br>　　　　Defendants. | Case No.: 5:20-cv-02523-BLF (PR)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 60(b) (Dckt. No. 65) and PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE (Dckt. No. 66)**<br><br>**Date:** No hearing date set – prisoner case<br>**Time:** "   "<br>**Courtroom:** Courtroom 3 – 5th Floor<br>Complaint filed: Apr. 13, 2020 |

**TABLE OF CONTENTS**

Page(s)

I. FACTUAL BACKGROUND…………………………………………………………………...5

II. LEGAL STANDARD……………………………………………………………………….....8

III. LEGAL ARGUMENT…...……………………………………………….…………………….10

   A. Plaintiff's Belated Attempts to Reformulate His Retaliation Claim
Do Not Support Relief under Rule 60(b)……………………………………………...........10

   B. Plaintiff's Attempt to Overcome the Bar to his State Law Claims Fails…………………...........12

   C. Plaintiff's Challenge to Technician Goodall Does Not
Raise a Material Issue of Fact……………………………………………………………...13

   D. Plaintiff's Unsupported Contention that the Court "Failed to Consider Facts in the Record"
Does Not Support Reconsideration under Rule 60(b)…………...…………………………...15

   E. Plaintiff's "Request for Judicial Notice" Repeats Arguments that Were, or Could Have Been,
Raised on Summary Judgment and Does Not Support Reconsideration………………………..15

IV. CONCLUSION…………………………………………………………………………...17

# TABLE OF AUTHORITIES

Page(s)

*Arnett Facial Reconstruction Courses, Inc. v. Patterson Dental Supply, Inc.*,
    No. CV 11-06929 ............................................................................................................... 9

*Austin v. Terhune*,
    367 F.3d 1167 (9th Cir. 2004) ..................................................................................... 11, 12

*Butler v. Los Angeles County*,
    617 F.Supp.2d 994 (C.D. Cal. 2008.) ................................................................................ 12

*Casey v. Albertson's Inc.*,
    362 F.3d 1254 (9th Cir. 2004) ............................................................................................ 9

*Cisco Sys., Inc. v. Chung*,
    No. 19-CV-07562-PJH, 2021 WL 981048 (N.D. Cal. Mar. 16, 2021) ................................ 9

*Engleson v. Burlington N. R. Co.*,
    972 F.2d 1038 (9th Cir. 1992) ............................................................................................ 8

*Feature Realty, Inc. v. City of Spokane*,
    331 F.3d 1082 (9th Cir. 2003) ............................................................................................ 9

*Felder v. Casey, et al.*,
    487 U.S. 131 (1988) .......................................................................................................... 12

*Gonzalez v. Crosby*,
    545 U.S. 524, . . . (2005) ..................................................................................................... 8

*Hall v. Smith*,
    No. 1:15-CV-00860-BAM-PC, 2016 WL 4765053 (E.D. Cal. Sept. 12, 2016) ............... 10

*Harvest v. Castro*,
    531 F.3d 737 (9th Cir. 2008) ............................................................................................ 10

*Karim–Panahi v. Los Angeles Police Department*,
    839 F.2d 621 (9th Cir. 1988) ............................................................................................ 12

*Kemp v. United States*,
    U.S., 142 S. Ct. 1856 (2022) .......................................................................................... 8, 9

*Logtale, Ltd. v. Canton*,
    No. 20-CV-01207-DMR, 2022 WL 2913835 (N.D. Cal. July 25, 2022) ........................... 8

*Maddox v. City of Los Angeles*,
    792 F.2d 1408 (9th Cir.1986) ............................................................................................. 7

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
   571 F.3d 873 (9th Circuit 2009) .................................................................................. 8, 16

*Ortega v. O'Connor*,
   764 F.2d 703 (9th Circuit 1985), *rev'd on other grounds*, 480 U.S. 709, 107 S.Ct.
   1492, 94 L.Ed.2d 714 (1987) ............................................................................................ 12

*Rhodes v. Robinson*,
   408 F.3d 559 (9th Circuit 2005) ....................................................................................... 11

*School Dist. 1J v. ACandS Inc.*,
   5 F.3d 1255 (9th Circuit 1993) ....................................................................................... 8, 9

*State Bank of Texas v. Parabia*,
   No. 14-CV-3031-L-KSC, 2019 WL 5067228 (S.D. Cal. Oct. 8, 2019) ......................... 9, 16

*Timbisha Shoshone Tribe v. Kennedy*,
   267 F.R.D. 333 (E.D. Cal. 2010) ......................................................................................... 9

*Twentieth Century - Fox Film Corp. v. Dunnahoo*,
   637 F.2d 1338 (9th Circuit 1981) ...................................................................................... 10

*U.S. v. Westlands Water Dist.*,
   134 F.Supp.2d 111 (E.D. Cal. 2001) ................................................................................... 8

**Statutes**

42 U.S.C.
Section 1983 ............................................................................................................................ 12

California Tort Claims Act .................................................................................................... 12

California Public Records Act ............................................................................................... 13

**Other Authorities**

Federal Rules of Civil Procedure
Rule 60(b) .........................................................................................................................*passim*
Rule 60(b)(1) .................................................................................................................... 8, 10
Rule 60(b)(2) ......................................................................................................................... 10
Rule 60(b)(3) ......................................................................................................................... 16
Rule 60(b)(6) ......................................................................................................................... 10

1  Defendants Daniel Bussell, Michael Ella, Greg Harris, Jason Alvarez, Charles Wong, and the
2  County of Alameda (collectively, "Defendants"), hereby oppose plaintiff Reginald Robertson's
3  ("Plaintiff") "Request for Relief from Order, Granting Summary Judgment – FRCP Rule 60(b)" (Dckt.
4  No. 65, hereafter "Rule 60(b) Motion") and "Plaintiff's Request for Judicial Notice, FRE 201, FRCP,
5  Rule 60(b)(3)" (Dckt. No. 66, hereafter "Request for Judicial Notice Motion"), on the grounds that
6  summary judgment was correctly granted, and neither document supports granting extraordinary relief
7  under Rule 60(b).

**I.  FACTUAL AND PROCEDURAL BACKGROUND FOR THIS CASE**

Plaintiff filed this suit in April 2020 based on an incident that occurred on the evening of January 23, 2020, while he was a detainee in Housing Unit 22 ("HU-22") at Santa Rita Jail. After amending his Complaint several times, Plaintiff ultimately asserted two federal civil rights claims against defendant Sheriff's Technician Bussell--one for retaliation and another for violating Plaintiff's due process right--and Plaintiff asserted three state law claims against all Defendants. The incident on the evening of January 23, 2020, was that Plaintiff and another inmate, both of whom were taken to the visiting area of HU-22 to see the same visitor, were inadvertently not retrieved from the visiting area after the visitor left, and remained in that area for several hours before they were discovered.

Plaintiff's retaliation and due process federal civil rights claims against Technician Bussell hinged on Plaintiff's claim that the overdetention incident was intentionally caused by Bussell, in retaliation against Plaintiff for an alleged verbal dispute between them the day before. In this prior dispute, there was a verbal disagreement after which Technician Bussell allegedly threatened to "write up" Plaintiff, in response to which Plaintiff threatened to "write up" (i.e., grieve) Technician Bussell. Ultimately, neither took any action.

In a ruling dismissing a prior version of the Complaint, the Court rejected Plaintiff's prior formulation of his federal civil rights claims, with leave to amend. Regarding the prior version of Plaintiff's retaliation claim, the Court ruled that, because Plaintiff had ambiguously alleged *either* that Technician Bussell *or* Technician Kaiser-Nevel had been the one responsible for Plaintiff's overdetention, the retaliation claim was not viable because, were Technician Bussell not involved, then Plaintiff's retaliation claim failed, because Technician Kaiser-Nevel had no retaliatory motive.

1 | Regarding the prior due process claim, the Court ruled that, if the incident had been the product of negligence, then there was no deliberate indifference and thus the due process claim failed.

In Plaintiff's next version of the Complaint (his current Complaint), filed on March 1, 2021, Plaintiff dropped Technician Kaiser-Nevel as a defendant. He claimed that Technician Bussell was the Technician present at the time of the incident and intentionally caused the overdetention.

Over six months after this version of the Complaint was filed, on September 24, 2021, the Court ordered Defendants to file a motion for summary judgment by December 24, 2021. Defendants filed their summary judgment motion on December 21, 2021. Plaintiff filed an initial opposition on January 13, 2022, and then requested (Dckt. No. 51) and received (Dckt. No. 53) leave to file a supplemental opposition by February 24, 2022. He filed his supplemental opposition on February 11, 2022. Defendants filed their reply on February 24, 2022. Plaintiff did not propound any discovery on any Defendants at any time during this case.

On summary judgment Defendants' undisputed evidence showed that Technician Bussell was not present in HU-22 when the overdetention incident occurred, and had not requested, planned, or orchestrated this incident. Indeed, the undisputed evidence showed that Technician Bussell's work shift ended before the incident occurred, and that he had left the jail as a result, and was completely unaware that the incident had occurred until well after it was over. (Bussell Decl. ISO Summ. Judg., at ¶¶ 3, 9-10.) Technician Bussell also denied bearing Plaintiff any ill will, grudge, or animus, and denied retaliating against him in any way. (*Id.* ¶ 9.) Declarations were also presented by the other defendants, and by other persons who were present during the incident, which showed that the incident was the product of miscommunication and misunderstandings by those present, and was entirely accidental and unintentional. (Kaiser-Nevel Decl., *passim*; Goodall Decl., *passim*; Ella Decl., at ¶ 11; Wong Decl., at ¶¶ 3, 7-13; Harris Decl., at ¶¶ 3-18; Alvarez Decl., at ¶¶ 3-10.)

//
//
//
//
//

Among the persons present in HU-22 at the time of the incident was a meal relief technician – Technician Katherine Goodall. As a meal-relief technician, she was not assigned to a particular housing unit. Or, as she stated in paragraph 3 of her declaration,

> On January 23, 2020, I worked as a Sheriff's Technician at SRJ from approximately 6:00 p.m. that evening until 6:00 a.m. the following day. My duty assignment was as a meal relief technician, which required me to temporarily sit in for housing unit technicians while they took their meals during their shifts. When I arrived at SRJ, I went to Housing Unit 22 ("HU-22") and sat in the Housing Control Room ("Housing Control") with Sheriff's Technician Jason Kaiser-Nevel. We were the only two Sheriff's Technicians in HU-22 by the time that I arrived there that night.

The foregoing statement is relevant to one of Plaintiff's current arguments in the Rule 60(b) Motion.

Based on the above evidence, Defendants argued that, because Technician Bussell was not present in HU-22 any time after 6 p.m. on the night of January 23, 2020, and was not in any way involved in, nor did he orchestrate or plan, the overdetention incident, Plaintiff's federal civil rights claims against defendant Bussell failed, and Technician Bussell was, furthermore, entitled to qualified immunity. In addition, Defendants showed Plaintiff's grievance written shortly after this incident did not support his subsequent claim of retaliation; indeed, in his grievance, Plaintiff described the incident as caused by negligence. As a negligent occurrence, no constitutional due process claim could lie based on the incident. *See, e.g., Maddox v. City of Los Angeles*, 792 F.2d 1408, 1413 (9th Cir.1986) ("[N]egligent conduct by the state official is not enough to state a claim under section 1983 based on an alleged violation of the fourteenth amendment due process clause.").

As for Plaintiff's state law claims, Defendants' evidence showed that all were barred because Plaintiff failed to present a timely government claim to the County within a year after the incident itself. This violated the California Tort Claims Act's claims presentment requirement, and it was not curable.

On August 1, 2022, the Court granted Defendants' summary judgment motion in full, and entered Judgment thereon. On August 26, 2022, Plaintiff filed the Rule 60(b) Motion. On September 6, 2022, Plaintiff filed his Request for Judicial Notice Motion.

//

//

//

## II.  LEGAL STANDARD

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.' *Gonzalez v. Crosby*, 545 U.S. 524, 528, . . . (2005)." *Kemp v. United States*, ___ U.S. ___, 142 S. Ct. 1856, 1861 (2022). "The rule 'provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances.' *Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992) . . . .)." *Logtale, Ltd. v. Canton*, No. 20-CV-01207-DMR, 2022 WL 2913835, at *1 (N.D. Cal. July 25, 2022). "'[A] motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Ibid.* (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Mendoza v. Frauenheim*, No. 14-03446 NJV (PR), 2018 WL 11016213, at *1 (N.D. Cal. Mar. 15, 2018).). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation . . . of that which was already considered by the court in rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 111, 1131 (E.D. Cal. 2001).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

"'Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).'" *Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992). "'Rule 60(b)(1)'s reference to "inadvertence or excusable neglect" does not authorize relief from the

consequences of negligence or carelessness. Rather, it requires some justification for an error beyond a mere failure to exercise due care.'" *Timbisha Shoshone Tribe v. Kennedy*, 267 F.R.D. 333, 336 (E.D. Cal. 2010); *see also Kemp v. United States*, ___ U.S. ___, 142 S. Ct. 1856, 1865 (2022) ("mistake" includes judicial errors of law).

Regarding relief under subparagraph (2), "[e]vidence is not newly discovered if it was 'in the possession of the party before judgment was rendered.'" *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 212 (9th Cir. 1987). "The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., supra*, 5 F.3d at p. 1263; *Cisco Sys., Inc. v. Chung*, No. 19-CV-07562-PJH, 2021 WL 981048, at *6 (N.D. Cal. Mar. 16, 2021) ("A motion for reconsideration is not a proper vehicle for plaintiff to introduce previously available, uncited evidence."). In addition, a movant must show that "newly discovered evidence would probably produce a different result," (*Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003)), and that the "evidence [is] material." *Ibid.* It "cannot be merely cumulative or impeaching." *Arnett Facial Reconstruction Courses, Inc. v. Patterson Dental Supply, Inc.*, No. CV 11-06929 CBM (EX), 2013 WL 12246259, at *2 (C.D. Cal. Apr. 8, 2013).

To prevail under subparagraph (3), "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *State Bank of Texas v. Parabia*, No. 14-CV-3031-L-KSC, 2019 WL 5067228, at *2 (S.D. Cal. Oct. 8, 2019) (quoting *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004)). The fraud must have been "not . . . discoverable by due diligence before or during the proceedings.'" *Casey v. Albertson's Inc., supra*, 362 F.3d at p. 1260 (quoting *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir.1991).)

Subparagraphs (4) and (5) do not appear to be at issue here. Plaintiff nowhere contends that either of these subparagraphs apply, nor do they appear, from the arguments advanced, to apply.

Subparagraph (6) requires the grounds justifying relief to be extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief.

*See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "Rule 60(b)(6) 'is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . exist.' *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks omitted). The moving party must demonstrate both injury and circumstances beyond his control . . . .' *Id.* (internal quotation marks and citations omitted)." *Hall v. Smith*, No. 1:15-CV-00860-BAM-PC, 2016 WL 4765053, at *1 (E.D. Cal. Sept. 12, 2016).

### III.   LEGAL ARGUMENT

As explained below, none of Plaintiff's arguments support relief under Rule 60(b).

### A.   Plaintiff's Belated Attempts to Reformulate His Retaliation Claim Do Not Support Relief under Rule 60(b).

On pages 2 through 5 of the Rule 60(b) Motion, Plaintiff appears to attempt to salvage his retaliation claim against Technician Bussell by recasting it. Instead of basing his retaliation against Technician Bussell on the overdetention incident, Plaintiff now claims that Bussell's retaliatory act was threatening to write up Plaintiff, which threat, Plaintiff admits, Technician Bussell never carried out, but which threat allegedly caused Plaintiff to "delay writing a grievance for three days afterwards." (Pltf. Mot., at p. 4.) Plaintiff alternatively suggests that Bussell is liable for retaliation because he announced that Plaintiff had a visitor, and unlocked Plaintiff's cell door to allow him to have the visit. But for Bussell taking these actions, Plaintiff would not have gone to the visiting area, and so would not have thereafter been overdetained. Both arguments fail.

First, Plaintiff offers no grounds cognizable under Rule 60(b) to support reconsideration of the Judgment based on either new claim/argument. Plaintiff nowhere asserts that he failed to advance either argument due to any "mistake, inadvertence, surprise or excusable neglect" (Rule 60(b)(1)). This argument is not based on "newly discovered evidence" (Rule 60(b)(2)). There are no extraordinary grounds identified that might support reconsideration under Rule 60(b)(6).

Second, even if Plaintiff had presented good grounds for reconsideration under Rule 60(b), to show retaliation plaintiff must present evidence that (1) Bussell took some adverse action against Mr. Robertson; (2) because of (3) Mr. Robertson's protected conduct, and that such action (4) chilled Mr. Robertson's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Neither new formulation meets these elements.

In the first new version, Technician Bussell's adverse action was his threat to write up Plaintiff, which threat he never carried out. Plaintiff cites no case that supports the contention that a mere a threat to "write up" an inmate, that was never carried out, supports a retaliation claim. Even if there were some basis to consider a threat which was never carried out to be an actionable "adverse action," there is no evidence to support any claim that Bussell's alleged threat to write up Plaintiff was contrary to "a legitimate correctional goal." Moreover, Defendants dispute that the alleged adverse event – a threat to "write up" Plaintiff that was never carried out -- would have chilled a person of ordinary firmness from future First Amendment activities. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

In the second version, Technician Bussell's alleged "adverse action" was, essentially, allowing and facilitating Plaintiff's seeing a visitor. (Pltf. Mot., at pp. 4-5.) He claims that this action served "no legitimate correctional goal." This claim strains credulity. Not only were the challenged actions not "adverse" to Plaintiff, they did advance a legitimate penological goal (allowing Robertson to have visitors) and the specific actions would not have "chilled a person of ordinary firmness" (*Rhodes v. Robinson, supra*) from taking future First Amendment actions.

Plaintiff cites the case of *Austin v. Terhune,* 367 F.3d 1167 (9th Cir. 2004), to support his new retaliation claim(s), but it does not do so. In *Austin v. Terhune,* a prison officer threatened to hurt plaintiff-inmate Austin, and exposed his genitals to Austin. *Id.* at 1169. Thereafter, when Austin tried to report the incident, the officer tried to persuade Austin not to, but when Austin refused, the officer responded that if Austin grieved the issue, he would cite the plaintiff for misconduct. *Id.* at pp. 1169-70. The officer then lied to a supervisor about the underlying exposure incident and accused Austin of misconduct, which resulted in Austin being put into administrative segregation for six weeks. *Id.* at p. 1170. Austin thereafter appealed his placement and continued to grieve the officer, which eventually prompted an investigation. The investigation revealed that the officer had exposed himself to Austin, resulting in the officer being suspended without pay. *Ibid.* Austin later sued the officer. The officer filed for summary judgment, which was granted by the district court, but reversed by the Ninth Circuit. *Ibid.* The Ninth Circuit ruled that Austin had brought a viable First Amendment retaliation claim

against the officer based on the officer's having punished Austin (carried out his threat to have Austin punished) for having filed a grievance against him. *Id.* at pp. 1171.

Here, *Austin v. Terhune* does not support Technician Bussell being liable for retaliation under either new theory. The only "adverse actions" were either the alleged threat to write up Plaintiff, which write up never occurred, or the announcement of Plaintiff having a visitor and the unlocking of Plaintiff's cell door so that he could see the visitor. These actions would not have caused a person of ordinary firmness from taking further First Amendment actions. Moreover, as already argued, nothing prevented Plaintiff from presenting these reformulations of his retaliation claim in one of his two oppositions. Reconsideration is not warranted under this argument.

**B. Plaintiff's Attempt to Overcome the Bar to his State Law Claims Fails**

Plaintiff next (Pltf. Mot, at pp. 5-6) asks for a "stay of the ruling on state law claims," claiming that the "notice-of-claim/exhaustion requirement contained in the PLRA and the CA Tort Claims Act, '. . . conflicts in both its purpose and effect with the remedial objectives of 42 U.S.C. section 1983 . . . .'", quoting *Felder v. Casey, et al.*, 487 U.S. 131, 138, 141-142 (1988). *Felder v. Casey* does not undermine summary judgment on Plaintiff's state law claims. *Felder v. Casey* case stands for the proposition that state notice-of-claim provisions do not apply to federal claims, e.g., a claim for violation of civil rights under 42 U.S.C. section 1983. *Id.* at p. 138. This case does not hold that *state law claims* not arising under federal law do not have to meet state claims presentation requirements simply because they are brought as part of a complaint asserting other, federal claims. To the contrary, federal law holds the opposite. *Karim–Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir. 1988); *Ortega v. O'Connor*, 764 F.2d 703, 707 (9th Cir. 1985), *rev'd on other grounds*, 480 U.S. 709, 107 S.Ct. 1492, 94 L.Ed.2d 714 (1987) (failure to comply with claim-filing requirements imposed by California Torts Claims Act bars pendent state claims); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D. Cal. 2008.)

Moreover, Plaintiff nowhere raises any Rule 60(b) basis for reconsideration to support this Court entertaining this legal argument. The *Felder v. Casey* decision issued in 1988. Plaintiff could have asserted it in either of his two oppositions to summary judgment. Plaintiff failed to do so. There was no error of law in granting summary judgment on the state law claims.

### C. Plaintiff's Challenge to Technician Goodall Does Not Raise a Material Issue of Fact

Plaintiff next argues that Technician Goodall's declaration contained "misrepresentations of fact," because, although a meal relief technician, she was "on site for the approximately-four-hour-duration of the subject-incident" even though "Technician Kaiser-Nevel never alleged he took a meal," even though Plaintiff "never saw/heard Goodall" during the incident, and moreover "there is no record Goodall was assigned to H.U. 22 for four hours, on 1-23-20," citing to Exhibits 1 and 2 attached to his motion. (Pltf. Mot., at pp. 6-7.)

To support reconsideration of summary judgment based on the foregoing, Plaintiff alleges that he contracted COVID in July 2020, and claims that there were "several instances of Plaintiff being relocated (eight relocations over the course of two-years by jail-staff)," which caused him to "inadvertently misplace[ ]" the two Exhibits. (Pltf. Mot., at p. 6). Plaintiff nowhere explains how his having contracted COVID in July 2020 prevented him from presenting evidence or argument a year and a half later in one of his two oppositions to summary judgment. As for his eight relocations, Plaintiff nowhere mentioned these as a hindrance in his January 14, 2022, motion for an extension of time to file an opposition to Defendants' summary judgment, which this Court granted in full. (Dckt. Nos. 51, 53.) To the contrary, in his motion for an extension of time, Plaintiff advised that, "with the Court's grant of additional time [to February 24, 2022], Plaintiff is confident he can sufficiently illuminate his position . . . ." (Dkt. No. 51, at p. 2 [¶ 4].) Plaintiff received all the time he asked for - another 41 days to prepare an opposition, until February 24, 2022. (Dckt. No. 53.) Plaintiff opted to file his second opposition on February 11, 2022. He offers no explanation regarding why, having received additional time, he was unable to locate the information he needed, nor why he did not seek it through discovery, nor why, if he still needed further time beyond February 24th, he did not request more time and instead filed his supplemental opposition early. Plaintiff did not propound any discovery on any Defendant in this case at any time. Plaintiff's lack of diligence does not support relief under Rule 60(b).

Even were the court to grant reconsideration and examine Exhibit 1 and 2 on the merits, neither contradicts Goodall's declaration, let alone raises a triable issue of fact. In both, Sheriff's Office personnel advised Plaintiff, in response to unspecified California Public Records Act requests, of who was *assigned to work* in HU-22 on the night of January 23, 20202. Exhibit 1 lists the start and end

times for various persons for January 23, 2020, and next to "Sheriff's Technician Katherine Goodall" is the statement "*[n]ot assigned* to this house on this day" (emphasis added). Exhibit 2 also lists personnel "*assigned* to housing unit 22, at some point, on Thursday January 23, between the hours of 1745-2245" (emphasis added), and it does not list Ms. Goodall. Based on these documents, Plaintiff seems to suggest that Ms. Goodall was not *present* in HU-22 that evening. While Defendants can understand Plaintiff's confusion, this information does not contradict or raise a triable issue of fact regarding Ms. Goodall's declaration. Ms. Goodall nowhere declared that she was *assigned* to HU-22 that night. Rather, she declared truthfully, "[m]y duty assignment was as a meal relief technician, which required me to *temporarily sit in for housing unit technicians* while they took their meals during their shifts." (Goodall Decl. ISO Defs. Mot. Summ. Judgment, at ¶ 3 [emphasis added].) As a person who temporarily replaces technicians in any housing unit at SRJ, she was not specifically *assigned to HU-22*, or to any particular housing unit that night. Technician Kaiser-Nevel affirmed that this was Technician Goodall's role when she was in HU-22: "Shortly after I arrived in HU-22 on the night of January 23, 2020, another Sheriff's Technician, Kathy Goodall, arrived in HU-22. Ms. Goodall was the meal relief technician during my shift. Her job was to temporarily sit in for housing unit technicians while they took their meals during their shifts." (Kaiser-Nevel Decl. ISO Summ. Judg., at ¶ 4.) Neither Exhibit 1 nor 2 undermines the fact that Ms. Goodall was working in SRJ on the night of January 23, 2022, as she proclaims she was, and witnessed the events that she declared she did.

Plaintiff then argues that, as a meal relief technician, Ms. Goodall should not have been in HU-22 unless she was performing those duties. This argument presupposes, however, that Plaintiff has some personal knowledge regarding how a meal relief technician's job works, how such a person in general may perform her duties during her work shift, and in particular, how Ms. Goodall, performed her duties on the night of January 23, 2020. Plaintiff nowhere claims to have any personal knowledge on any of these topics; all Plaintiff has is Technician Goodall's own declaration. It cannot be reasonably inferred from that declaration – in which Technician Goodall declares that she was present in HU-22 – that she was *not* present in HU-22.

Plaintiff claims he never personally saw Technician Goodall in HU-22, however as Defendants' undisputed evidence established, there was no line-of-sight visual between the visiting area where

Plaintiff was, and Housing Control where Technician Goodall was. The fact that Plaintiff claims to have not seen Technician Goodall does not raise a triable issue, since he could not have seen her while he was detained in the visiting area.

Fundamentally, none of the foregoing discussion undermines the relevant material facts on summary judgment, which remain undisputed: that Technician Bussell was neither present in HU-22 during the overdetention incident, nor did he plan or orchestrate it, and so he was not, and could not have been, liable to Plaintiff for retaliation or for violating Plaintiff's due process rights. All other declarants affirm that the overdetention incident was completely accidental and unintentional, and Plaintiff's own contemporaneously-submitted grievance described the incident as negligence. In terms of the state law claims, they remain barred by Plaintiff's failure to present a timely government claim. Summary judgment was correctly granted.

### D. Plaintiff's Unsupported Contention that the Court "Failed to Consider Facts in the Record" Does Not Support Reconsideration under Rule 60(b)

On pages 7 through 9 of his Rule 60(b) Motion, under "Conclusion," in addition to re-stating his prior arguments, he complains that the Court "maintain[ed] silence" on certain evidence that he presented. Plaintiff offers no argument or basis for this Court to grant reconsideration of this complaint under Rule 60(b). To the contrary, this type of argument, which amounts to re-argument of matters previously presented in Plaintiff's oppositions to summary judgment, is not cognizable under Rule 60(b). The Court did not have to specifically mention all of the evidence that Plaintiff presented in order to grant summary judgment. Plaintiff cites no legal authority to suggest that the Court committed legal error when it granted summary judgment.

### E. Plaintiff's "Request for Judicial Notice" Repeats Arguments that Were, or Could Have Been, Raised on Summary Judgment and Does Not Support Reconsideration

None of the arguments set forth in Plaintiff's Request for Judicial Notice compel reconsideration either. First, Plaintiff nowhere explains how the additional document attached to this filing – Alameda County Sheriff's Office Policy and Procedure 8.08, which he requests judicial notice of -- could not have, with diligence, been presented with one of his two summary judgment oppositions. Plaintiff presented two other policies and procedures – 8.12 and 10.05 -- in support of his

original opposition to summary judgment filed on January 13, 2022. (*See* Pltf. Opp. to Summ. Judg., Dckt. No. 49, at pp. 12-30.) Plaintiff furthermore describes Policy and Procedure 8.08, as "published," suggesting that the policy was in fact available to him previously. (Pltf. Req. Jud. Not. Mot. at p. 1:26.) "[A] motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Second, Plaintiff nowhere explains how the new policy (8.08) constitutes new evidence, as opposed to being cumulative of previously-presented evidence. Plaintiff describes newly-presented policy 8.08 as containing "redundant and overlapping duties" with the two policies, 8.12 and 10.05, that he previously presented with his first summary judgment opposition. (Req. Jud. Not. Mot. at p. 2:11-12.) Plaintiff thus admits that policy 8.08 is cumulative to evidence he presented in his original oppositions. A Rule 60(b) motion is not a vehicle to present matters that could have been presented in the prior motion.

Third, Plaintiff claims that reconsideration should be granted for "misrepresentation by Defendants," (Rule 60(b)(3)), based on Plaintiff's interpretation of the belatedly-presented Policy and Procedure 8.08. He claims that Policy and Procedure 8.08, along with the two policies and procedures he previously presented, suggest that it was "not possible that – given the facts in existence – that Defendants could have allowed the subject-incident to unfold and continue – minus the coordinated acts or omissions, of at least one sheriff's technician, and at least one housing unit deputy." In other words, Plaintiff claims that 8.08 and other policies suggest that the declarants' statements (that the overdetention was accidental) are mispresentations.

This is not the type of "misrepresentation or fraud" contemplated by Rule 60(b)(3). For reconsideration under Rule 60(b)(3), Plaintiff had to show by clear and convincing evidence that the "conduct complained of prevented the losing party from fully and fairly presenting the defense." *State Bank of Texas v. Parabia*, No. 14-CV-3031-L-KSC, 2019 WL 5067228, at *2 (S.D. Cal. Oct. 8, 2019) (quoting *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004)). Plaintiff was not prevented in his oppositions to summary judgment from making the argument he makes above. He is not claiming that some misconduct by Defendants prevented him from doing so. He is, rather, belatedly attempting

to challenge the credibility of the Defendants' sworn declarations based on largely previously-presented evidence. Reconsideration is not allowed for enable the presentation of arguments that could have been presented earlier.

Fourth, Plaintiff belatedly "requests the Court allow Plaintiff to take – limited – discovery" of various matters (Pltf. Req. Jud. Not. Mot., at pp. 2-3), without offering any explanation or excuse as to why he did not seek this discovery earlier. Plaintiff cited the need to take discovery in his January 14, 2022 motion for an extension of time in which to file a further opposition to summary judgment. (Dckt. No. 51, at pp. 2-3.) Yet Plaintiff never took any discovery at any time. He is not entitled to reconsideration under Rule 60(b) where he has not been diligent.

## IV. CONCLUSION

Because none of Plaintiff's arguments in his Rule 60(b) Motion or in his Request for Judicial Notice Motion support extraordinary relief under that Rule, and because summary judgment was correctly granted here, Plaintiff's Rule 60(b) Motion and related Request for Judicial Notice Motion should be denied.

DATED: September 23, 2022

DONNA R. ZIEGLER,
County Counsel in and for the County of Alameda,
State of California

By  /s/ Jill P. Sazama, Esq.
    JILL SAZAMA
    Deputy County Counsel

*Attorneys for Defendants COUNTY OF ALAMEDA, DANIEL BUSSELL, JASON ALVAREZ, MICHAEL ELLA, GREG HARRIS, and CHARLES WONG*

# PROOF OF SERVICE

I, Mariela Reyes, declare:

I am employed by the Office of the County Counsel, County of Alameda, State of California. I am over the age of 18 years and not a party to the within case. My business address is 1221 Oak Street, Suite 450, Oakland, CA 94612-4296, which is located in the city where the below-described service occurred.

On September 23, 2022, I served the following document(s):

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S RULE 60(b) MOTION**

I served the document(s) on the person(s) below, as follows:

> Reginald Robertson        *PRO SE PLAINTIFF*
> APM873
> Santa Rita County Jail
> 5325 Broder Blvd.
> Dublin, CA 94568

The document was served by the following means:

☒  **UNITED STATES MAIL:** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. By placing in a sealed envelope, with postage fully prepaid, which I placed for collection and mailing today following ordinary course of business, outgoing correspondence is collected every day from a designated place for collection and deposited with the United States Postal Service the same day. The envelope or package was placed in the mail at Oakland, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Oakland, California on September 23, 2022.

_____
Mariela Reyes