```
1   R. Robertson APM873
    5325 Broder Blvd.                                           FILED
2   Dublin, CA 94568-3309
    (775) 335-7773 (message)                                   OCT 06 2022
3   Message Email: gsanders@destination-freedom.org
    Plaintiff, R. Robertson, In Pro Per                   CLERK, U.S. DISTRICT COURT
4                                                        NORTH DISTRICT OF CALIFORNIA
                                                              SAN JOSE OFFICE
5
```

NORTHERN DISTRICT
~~SUPERIOR~~ COURT FOR THE STATE OF CALIFORNIA
SAN JOSE DIVISION
~~COUNTY OF ALAMEDA~~

| | |
|---|---|
| R. ROBERTSON, | Case Number: 20-cv-02523BLF |
| Plaintiff, | |
| vs. | PLAINTIFF'S REPLY TO DEFENDANTS' |
| J. KAISER-NEVEL, et. al., | UNTIMELY/UNSERVED OPPOSITION— |
| | DKT.#67, FRCP, 6(b)(2); CIVIL L.R., |
| | RULE 7-3(a) |
| | Monday, October 3rd, 2022 |
| Defendant. | |

PLEASE TAKE NOTICE that on Friday, October 7th, 2022 or as soon thereafter as may be heard in the courtroom of the Hon.— Beth Labson Freeman (280 South 1st Street/San Jose, CA 95113). Pro Se Plaintiff, shall move the Court in reply to Defendants' Motion in Opposition of Plaintiff's request for relief from the Court's Order granting Summary Judgement. Plaintiff bases this reply on the fact that Defendants' Opposition was not timely filed—Fed. R. Civ. P., Rule 6(b)(2)—within 14 days of Plaintiff's Motion for Relief from the court's Order (Docket #65). Which was filed on August 26th, 2022, by this Court. Additionally, Plaintiff is not in receipt of Defendants' Opposition Motion— Dkt. #67, civil L.R., 7-3(a).    (continued, page 2)

TITLE OF DOCUMENT: REPLY TO DEFENDANTS' UNTIMELY OPPOSITION, FRCP, 6(b)(2)
PAGE NO. 1 OF 10

# BACKGROUND

On August 1st, 2022, the Court granted Defendants' Motion for Summary Judgement - Dkt. #44 - over Plaintiff's Opposition Motion - Dkt. #49, and Supplemental Opposition Motion - Dkt. #56. In Plaintiff's understanding, the Court granted Dkt. #44 (summary judgement), without considering Alameda County Sheriff's Office (here-in, "ACSO"), policies and procedures in practice during the subject-incident, i.e., duties to be performed by the named Defendants - FRCP, Rules 56(c)(1)(A) and 56(c)(B)(3). Defendants' have persisted in alleging the subject-incident in which Plaintiff was abandoned for four-hours while suffering pain, anguish, numerous deprivations, was an "unintentional", "unplanned", "accidental", "over-detention", which implies they had/owed no duty to protect Plaintiff from harm - Youngberg v. Romeo, 457 U.S. 307, U.S. Supreme Ct. (1982). Plaintiff sought relief from the Court's Order granting Summary Judgement - Dkt. #63 - based on the fact Defendants' - through out this litigation - have maintained silence on the duties they were required to perform and the Court makes no mention of these documents in its Order granting Summary Judgement. Defendants' in Opposition of Plaintiff's Motion for Relief from Order - Dkt. #65 - untimely filed their motion in opposition - Dkt. #67. Additionally, Plaintiff has yet to receive this filing from the Court or been served with a copy by Defendants' themselves. Erring on the side of caution, Plaintiff shall re-iterate his position in support of relief from the Court's Order granting Summary Judgement. Plaintiff infers it is unduly prejudicial for Defendants' to omit providing Plaintiff with a copy of their untimely filed opposition.

First Amendment Violations of 1-22-20

1. Bussell's verbal threat is an adverse act... (continued, page 3)

TITLE OF DOCUMENT: REPLY TO DKT #67, FRCP, 6(b)(2)   CASE NO.: 20-CV-02523 BLF
PAGE NO. 2 OF 10   [JDC TEMPLATE]

1. ..."Threat" has been defined as, "A communicated intent to inflict harm or loss on another or on another's property, esp. one that might diminish a person's freedom to act voluntarily or with lawful consent; a declaration, express or implied, of an intent to inflict loss or pain on another..." - Black's Legal Dictionary, Abridged 10th Edition (2015). On 1-22-20 Bussell's threat - which the Court determined to be a fact - to initiate a write-up (Dkt.#63, 2 at "A"), evidenced the first and second elements of retaliation - Docket #63, 15 at "2." The fact that Bussell's threat occurred while Plaintiff was engaged in his First Amendment right to free speech, and that this threat caused Plaintiff to delay exercising his First Amendment right to author an inmate grievance. Further, imposing on his right to Free Speech in writing the grievance - as writing is free speech - and to "redress of grievances" - First Amendment, U.S. Const. Bussell threat, in and of itself is an adverse act. Therefore, based on the preceding facts, on 1-22-20 Bussell's infringed on Plaintiff's First Amendment rights three-times, with his one verbal threat - clearly Plaintiff's federal rights were violated and these facts are sufficient to support the first three elements of retaliation. In his capacity as an ACSO Sheriff's technician, Bussell's is a state actor - Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Defendants' Misrepresentations Support Relief

2. Defendants' misinformed the Court that Plaintiff's arrival in the visiting area - immediately - preceding the subject-incident was at "6:33pm." (Dkt. #42, 3 at #18 and #19; Dkt #44; Declarations of...

(continued, page 4)

TITLE OF DOCUMENT: REPLY TO DKT. #67, FRCP, 6(b)(2)   CASE NO.: 20-cv-02523 BLF

PAGE NO. 3 OF 10   [JDC TEMPLATE]

1. ...Non-party, Kaiser-Nevel, Defendants, Bussell, Wong, Harris) all misrepresent this false allegation. The undisputed/uncontested fact is that Plaintiff's arrival in the visiting area was at "6:02 pm" *Exhibit C, at 0:00-02:03. Plaintiff's visitor had already departed by 6:33 pm. There is the inference this misrepresentation was implied to cover up the fact Defendants, Ella and Wong failed to perform "safety checks" of Plaintiff during their shift. Based on the fact Wong provides he was aware of all three inmates — mentioning Plaintiff by name in his declaration (Dkt. #44-9, 2 at #5). Under penalty of perjury, Wong falsely declares, "At approximately 6:32, I assisted the three inmates' visit by opening and keeping open the door to the visiting area... This was my only role in assisting with those visits." — Wong's Declaration, Dkt. #44-9, 2 at #7. The 30 minute misrepresentation is material, in that Wong had full knowledge of Plaintiff's location at approximately 6:00 pm and — according to statute and ACSO P/P 8.12, inter alia — was required to perform at least one safety check, prior to going off duty for his scheduled shift's conclusion. Neither Wong or Ella allege they were too busy to perform safety-checks or that they were unaware of Plaintiff's location.

A. All named Defendants, non-parties S/T Goodall, Kaiser-Nevel all maintain Plaintiff was "lost" for four-hours, while they were too busy to notice this discrepancy. Allegedly, due to performing duties involving all inmates in Housing Unit #22, except Plaintiff and inmate Wright (TAC, 12 at #19).

* As attached to Dkt. #44-7          (continued, page 5)

TITLE OF DOCUMENT: REPLY TO DKT.#67, FRCP 6(b)(2)   CASE NO.: 20-cv-02523 BLF
PAGE NO. 4 OF 10   [JDC TEMPLATE]

This misrepresentation implies Santa Rita Jail has no procedures in-place to prevent inmate escape(s);

    a. It is undisputed Defendants have a non-discretionary duty to perform safety-checks (CA Code of Regs., Sect. 1006 and 1027.5; ACSO P/P 8.12(2)(a); TAC, 13-14 at #24 and #25).

    b. Defendants' make no allegation that they failed to perform safety-checks during the subject-incident. On personal knowledge and experience, informal counts of all inmates occur – during safety-checks.

    c. On information gleened from jail-staff, a missing or lost inmate – not counted during safety checks – may be indicative of a potentially injured or escaped inmate. Which requires a basewide recount. Should this recount fail to match the inmate count contained in the jail's computer, i.e. "ATIMS" (Advanced Technology Information Management System); Defendants' must initiate emergency protocol.

    d. On prior experience and information gleened – recently – from jail staff, emergency ACSO/SRJ protocols include: base-wide lock-down until lost inmate(s) are located and count matches ATIMS recorded inmate count; should the lost inmate(s) not be found after a thorough search of the facility, the search radius is increased...

(continued, page 6)

... to include the surrounding community and/or nationwide, until such time as the missing inmate(s) are located... or, indefinetly.

e. During the subject-incident, Defendants' were able to perform numerous informal counts, where-in all inmates were accounted for. After informal counts - which take place during safety checks, every 30 minutes in special management units - Defendants', Alvarez, Ella, Harris, Wong must provide the inmate count to housing unit control.

f. At housing unit control, the sheriff's technician (i.e., Defendant, Bussell, non-parties, Goodall, Kaiser-Nevel), enters the informal count into ATIMS, id. (TAC, 23 at #23 and #24). As a special management location, this procedure was performed - at irregular times - once, every thirty-minutes, in housing unit #22 - during the subject-incident.

g. Defendants' - based on the proceeding and their submissions - never provide the inmate count was inaccurate, during the subject-incident. Which implies Defendants' were aware of where Plaintiff was, or they fraudulently mis-represented they knew where Plaintiff was by entering an inmate count into ATIMS that would match the jail's inmate total count. (TAC, 25 at "p.") This deceit requires at least one deputy to give housing control a number (inmate count) and at least...

(continued, page 7)

TITLE OF DOCUMENT: REPLY TO DKT. #67, FRCP, 6(b)(2)   CASE NO.: 20-cv-02523 BLF
PAGE NO. 6 OF 10   [JDC TEMPLATE]

1. ..., one technician to enter the correct or fraudulent count number into ATIMS. Based on the fact Defendants' took numerous informal counts of inmates during the subject-incident and for four-hours all those counts "cleared" (i.e. matched the ATIMS records). It is reasonably proper to conclude Defendants' knew of Plaintiff's location in the visiting booth. OR, for four-hours Defendants' misrepresented Plaintiff was not "lost", by counting Plaintiff (and inmate, Wright), as present and accounted for. This fraudulent misrepresentation-minimally, during the subject-incident-would seem to imply a Deputy Defendant submitted a false count, or the technician present entered a false count. OR that during the subject-incident Defendants' malaciously knowingly abandoned Plaintiff for several hours for no legitimate penological reason- Fed. R. Civ. P., Rule 60(b)(3); Docket #65.

Defendants' Opposition to a Grant of Relief

3. On Saturday, August 26th, 2022, Plaintiff filed a motion for relief from the Court's Order, granting summary judgement to Defendants'- Docket #65. Which the Court-simultaneously-served on Defendants- Civil L.R., Rule 5-1(h)(1). Pursuant to statute, Defendants were required to file any Opposition to Dkt. #65, "within 14 days"- Civil L.R., 7-3(a). According to Plaintiff's calculation, any opposition motion ...

(continued, page 8)

TITLE OF DOCUMENT: REPLY TO DKT #67, FRCP, 6(b)(2)  CASE NO.: 20-CV-02523BLF

PAGE NO. 7 OF 10

... from Defendants' opposing Dkt.#65 would be due on Saturday, September 10th 2022 or, subsequently on the next business day, Monday, September 12th, 2022. However, during an appearance in Superior Ct. on his criminal case (Friday, September 30th), Plaintiff learned of an opposition motion submitted by Defendants' – after the statutory deadline of 14 days, after Dkt.#65 was filed.

a. Defendants' motion – on information – was filed on September 23rd, 2022, nearly two-weeks beyond the statutory deadline. Additionally – and also on information – Defendants' failed to seek an extension of time in which to file their motion in opposition.

b. It would unduly burden Plaintiff to require a reply to an untimely opposition from Defendants' at this juncture, as the 7 day period to file a reply has already passed. Notwithstanding, attempting to create a reply to an opposition motion, cannot be reasonably required by the Court – site unseen – as this document has yet to be in Plaintiff possession – Civil L.R., Rule 7-3(c).

c. In Plaintiff's understanding, Defendants' Opposition Motion – Dkt. #67, on information – can not be considered, once Defendants' failed to meet their deadline, according to statute, " A court must not extend the time to act under...
(continued, page 9)

TITLE OF DOCUMENT: REPLY TO DKT #67, FRCP 6(b)(2)   CASE NO.: 20-cv-02523BLF
PAGE NO. 8 OF 10

... Rules 50(b) and (d), 59(b)*[59(b)]*(d), and (e), and 60(b)" – Fed. R. Civ. P., Rule 6(b)(2). Accordingly, Defendants' Motion in Opposition appears untimely, unserved, while lacking statutory grounds for consideration.

## CONCLUSION

On information and belief, Defendants' failed to meet the deadline to submit an Opposition Motion – Dkt. #67. Additionally, because Plaintiff's Motion for Relief from the Court's Order – Dkt. #63 – was filed under Federal Rule Civil Procedure, Rule 60(b), one of four federal procedural rules in which, "a court must not..." grant an extension of time to file beyond the deadline missed. This untimely/unserved *motion* should not be considered, in opposition of Plaintiff's request for relief from the Court's Order, granting Summary-judgement (Docket #63). Accordingly, relief from summary judgement against Plaintiff (i.e. Docket #65), should be granted.

Pursuant to United States laws and the laws for the State of CA, I declare that – to the best of my ~~knowledge~~ knowledge and under penalty of perjury – the foregoing is true and correct. Executed this 3rd day of October, 2022, at Dublin, CA.

(continued, page 10)

TITLE OF DOCUMENT: REPLY TO DKT. #67, FRCP, 6(b)(2)   CASE NO.: 20-CV-02523 BLF
PAGE NO. 9 OF 10

1  Respectfully Submitted,

3  R. Robertson - in pro per

5  R. Robertson-APM873         cc: Counsel for Defendants,
6  5325 Broder Blvd.           Civil L.R., Rule 5-1(h)(1)
7  Dublin, CA 94568-3309

9  "Reply to Defendants' Motion in Opposition
10 of Dkt.#65" - FRCP, 6(b)(2); Civil
11 L.R., Rule 7-3(a)

13 Date: _____     Sign Name: _____
14                           Print Name: _____

TITLE OF DOCUMENT: "REPLY TO DEFENDANTS' OPPOSITION OF DKT #65, FRCP, 6(b)(2)
PAGE NO. 10 OF 10