1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10
11

REGINALD ROBERTSON,

12

Plaintiff,

13

v.

14

J. KAISER-NEVEL[1], et al.,

15

Defendants.

16
17

Case No. 20-cv-02523 BLF

**ORDER DENYING MOTION FOR RECONSIDERATION; DENYING REQUEST FOR JUDICIAL NOTICE**

(Docket Nos. 65, 66)

18
19
20
21
22
23
24
25
26

Plaintiff, a pretrial detainee, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against staff at the Santa Rita Jail ("Jail") in Dublin, California.  Dkt. No. 1.  The Court found the third amended complaint ("TAC"), Dkt. No. 27, stated cognizable claims for retaliation and violation of due process, exercised supplemental jurisdiction over state law claims, and ordered Defendants D. Bussell, J. Alvarez, M. Ella, G. Harris, C. Wong, and Alameda County to file a motion for summary judgment or other dispositive motion.  Dkt. No. 35.  Defendants filed a motion for summary judgment, Plaintiff filed opposition, and Defendants filed a reply.  Dkt. Nos. 44, 56, 57.  On August 1, 2022, the

27
28

[1] Although Mr. J. Kaiser-Nevel was named as a defendant in the second amended complaint, Dkt. No. 21, he was dismissed from this action as there were no cognizable claims against him.  Dkt. No. 24; *see infra* at 15, fn. 8.

United States District Court
Northern District of California

Court granted Defendant's summary judgment motion and entered judgment.  Dkt. Nos. 63, 64.

Plaintiff has filed a motion for reconsideration under "FRCP, Rule 60(b)," Dkt. No. 65, and a request for judicial notice, Dkt. No. 66.  Defendants filed an opposition.  Dkt. No. 67.

## DISCUSSION

### A.    <u>Motion for Reconsideration</u>

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).  The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b).  *Id.* at 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).  "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have

been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Id.*

First, Plaintiff asserts that the Court failed to address a First Amendment claim based on his allegation that Defendant Bussell threatened him the day before the underlying incident with a disciplinary action for the exercise of Plaintiff's free speech. Dkt. No. 65 at 3. Defendants assert that Plaintiff is attempting to salvage his retaliation claim against Defendant Bussell by recasting it. Dkt. No. 67 at 10. The Court agrees. The only allegation regarding the preceding incident in the TAC is as follows: "On 1-22-20, defendant Bussell and plaintiff engaged in a verbal dispute which ended with both parties issuing threats of a 'write-up.'" Dkt. No. 27 at 15, ¶ 30. There is no explanation as to what the "verbal dispute" was regarding or any allegation that Defendant Bussell threatened a "write-up" *because of* Plaintiff's exercise of free speech rather than for some valid infraction. Furthermore, as Plaintiff admits, Defendant Bussell did not follow through with a disciplinary action following this "verbal dispute." Accordingly, it cannot be said that the Court erred in failing to liberally construe this single statement allegation as stating a claim for the violation of Plaintiff's First Amendment right to free speech. Nor can it be said that the allegation supports a retaliation claim where there was no adverse action and no allegation in the TAC that Defendant's threat had a chilling effect. Lastly, Plaintiff had several opportunities throughout this litigation to amend the claim, but he did

3

1    not.  Accordingly, the motion for reconsideration based thereon is DENIED.

2        Plaintiff also challenges the Court's dismissal of his retaliation claim.  He asserts

3    that the undisputed facts show that Defendant Bussell was the one who announced that

4    Plaintiff had a non-contact visit, and that Defendant Bussell was the one who opened

5    Plaintiff's cell door seconds afterwards.  Dkt. No. 65 at 4.  Plaintiff asserts that based on

6    these actions, Defendant Bussell was the one who "set in motion" the adverse

7    circumstances that followed.  Id. at 5.  Even if it were true that Defendant Bussell made the

8    announcement and opened Plaintiff's cell door at 5:45 p.m., the undisputed facts show that

9    he left shortly after his replacement arrived and was not present while Plaintiff, and

10   another inmate, were inadvertently locked in the visiting booth for several hours.  Dkt. No.

11   63 at 3.  Nor is there any evidence that Defendant Bussell orchestrated Plaintiff's

12   prolonged detention by telling, requesting, or directing anyone to do so, as several non-

13   parties and Defendants present that evening attest that Defendant Bussell did not do so.  Id.

14   at 17-18.  Accordingly, the Court did not err in granting summary judgment in favor of

15   Defendants on Plaintiff's retaliation claim.  The motion for reconsideration based thereon

16   is DENIED.

17       Plaintiff also seeks a ruling "on the cross-motion as to state law claims, pending the

18   outcome of his criminal proceeding."  Dkt. No. 65 at 5.  This request is denied.  The Court

19   correctly found that all of Plaintiff's state law claims were barred by his failure to comply

20   with the filing requirements of the California Tort Claims Act.  Dkt. No. 63 at 21-23.  As

21   Defendants correctly point out, Plaintiff's reliance on *Felder v. Casey*, 487 U.S. 131, 138,

22   141-142 (1988), is misplaced because that case held that *state* notice-of-claim provisions

23   do not apply to *federal* claims such as those brought under § 1983.  Dkt. No. 67 at 12.

24   Contrary to Plaintiff's assertion, *Felder* does not hold that state law claims not arising

25   under federal law do not have to meet state claims presentation requirements simply

26   because they are brought alongside federal claims.  *Id.*  Accordingly, Plaintiff's state law

27

28                                          4

United States District Court
Northern District of California

1  claims were properly dismissed with prejudice, and there is no basis for granting a "stay."

2       Plaintiff also asserts that a non-party's declaration, Technician Goodall, contains

3  "misrepresentations of fact," and that she was not assigned to HU-22 on the day at issue as

4  she attests.  Dkt. No. 65 at 6, Exs. 1 & 2.  Defendants assert that Plaintiff is essentially

5  offering new evidence without an explanation as to why it was not submitted sooner.  Dkt.

6  No. 67 at 13.  However, even assuming this evidence can be considered, it is not sufficient

7  to raise a triable issue or warrant reconsideration.  As Defendants assert, the fact that there

8  is no evidence that Ms. Goodall was officially "assigned" to HU-22 does not contradict her

9  declaration that she was *present* in HU-22 for part of that evening in her capacity as a

10  "meal relief technician, which required me to *temporarily sit* in for housing unit

11  technicians while they took their meals during their shifts."  Dkt. No. 67 at 14 (emphasis

12  added).  Furthermore, the fact that Plaintiff never personally saw Ms. Goodall in HU-22 is

13  not sufficient to raise a triable issue because it is undisputed that there is no line-of-sight

14  between the visiting area, where Plaintiff was, and Housing Control, where Ms. Goodall

15  was present.  The fact that Plaintiff did not personally see her is not evidence that Ms.

16  Goodall was not present in Housing Control contrary to the declaration of her and other

17  witnesses.

18       Lastly, Plaintiff asserts that the Court failed to consider facts on the record and

19  "maintained silence on."  Dkt. No. 65 at 7.  Plaintiff points to various published policy and

20  procedures and various arguments he raised in opposition.  *Id.* at 7-8.  However, these

21  documents merely support Plaintiff's assertion that Defendants owed him certain duties,

22  and is only evidence of negligence, at best.  Plaintiff offers this evidence based on his

23  assumption that Defendants abided by all these policies and procedures on the day at issue

24  and therefore knew his exact location at all times.  However, the evidence submitted by

25  Defendants show that despite whatever policy and procedures were in place, Plaintiff and

26  another inmate were inadvertently kept in the visiting booth unintentionally and

27

28                                         5

1    accidentally.  Moreover, the failure to uphold such duties merely establishes negligence,

2    which is not cognizable under § 1983.  *See Farmer v. Brennan*, 511 U.S. 825, 835-36 &

3    n.4 (1994).  With regards to his arguments, Plaintiff has raised them again in this motion

4    for reconsideration and the Court finds none of them raise a triable issue which would have

5    defeated Defendants' summary judgment.  *See, e.g., supra* at 4.

6            In a separate filing, Plaintiff requests judicial notice of the Alameda County

7    Sheriff's Office "Policy and Procedure," showing that officers were required to make

8    "Inmate Counts."  Dkt. No. 66.  Plaintiff asserts that in the performance of this policy,

9    Defendants must have known of his whereabouts during the "subject-incident" and

10   therefore his prolonged detention was intentional rather than accidental.  *Id.* at 2-3.  As

11   such, Plaintiff alleges "misrepresentation by Defendants."  *Id.* at 2.  In opposition,

12   Defendants asserts that Plaintiff could have presented this evidence earlier but failed to,

13   and that it is cumulative rather than newly-presented evidence.  Dkt. No. 67 at 15-16.

14   Defendants also argue that Plaintiff's assertion that these policies suggest that their

15   declarants' statements are misrepresentations is not the type of "misrepresentation or

16   fraud" contemplated by Rule 60(b)(3).  Dkt. No. 67 at 16.  Rather, it must be "conduct

17   complained of prevented the losing party from fully and fairly presented the defense."  *Id.*

18   (citation omitted).  Defendants assert that Plaintiff was not prevented in his oppositions

19   from making the argument he makes now, and that he is not claiming that some conduct by

20   Defendants prevented him from doing so.  *Id.*  Defendants assert that Plaintiff's belated

21   attempt to challenge the credibility of Defendants' sworn declarations when he had

22   opportunity to do so earlier, is not a basis for reconsideration.  *Id.* at 17.

23           The request for judicial notice is DENIED.  The Court finds that Plaintiff is

24   attempting to submit new evidence but has provided no explanation as to why the evidence

25   could not have been discovered with the exercise of due diligence before the court's

26   decision.  Furthermore, Plaintiff's argument is premised on his belief that Defendants

27

28
                                                    6

followed these procedures on the evening at issue and therefore is evidence that they knew of his whereabouts. However, there is no evidence to support that assumption. Moreover, even if Defendants failed to follow these procedures, their failure to do so would amount to negligence, which is not cognizable under § 1983. *See Farmer*, 511 U.S. at 835-36 & n.4.

In sum, Plaintiff has failed to establish that reconsideration is warranted based on an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See Pyramid Lake Paiute Tribe of Indians*, 882 F.2d at 369 n.5. Accordingly, his motion for reconsideration must be denied.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for reconsideration is **DENIED**. Plaintiff may appeal this matter to the Ninth Circuit.

This order terminates Docket Nos. 65 and 66.

**IT IS SO ORDERED.**

**Dated: _October 7, 2022_____**

BETH LABSON FREEMAN
United States District Judge

Order Denying Recon; Denying Req. for Judicial Notice
PRO-SE\BLF\CR.20\02523Robertson_recon